COMMON COUNCIL OF THE CITY OF LAMBERTVILLE, APPELLANT, v. STATE BOARD OF EDUCATION, RESPONDENT.

Submitted December 3, 1914—Decided March 1, 1915.

A certificate made by a city board of education to the board of school estimate asked for the appropriation of a lump sum for the purchase of land, the construction of a new school building and furnishing the same and for repairs to existing school buildings; it was not shown that any but ordinary necessary repairs were contemplated. *Held*, that the certificate was defective because the amount asked for repairs was not separately stated.

On error to the Supreme Court.

For the appellant, *Lambert H. Sergeant, Walter F. Hayhurst* and *George H. Large* on the brief.

For the respondent, *W. Holt Apgar.*

The opinion of the court was delivered by

SWAYZE, J.   We agree with the Supreme Court in the matters specifically decided by that court.   We differ on one point which was probably overlooked because not emphasized in the brief, although raised in the reasons.   The resolution submitted by the board of education to the board of estimate asked that $75,000 be appropriated "with which to purchase, or take and condemn the above mentioned tract of land, and for constructing thereon a new school building and furnishing same and for repairs to existing school buildings."

As pointed out by the state board of education in its decision, the School law makes a distinction between the appropriation for current expenses and for repairing and furnishing the schools, which is to be made under section 74, and the appropriation of money for the purchase of lands for

---

school purposes or for erecting, enlarging, repairing or furnishing a school house or school houses, which is to be made under section 76. Under section 74 an itemized statement of the amount of money estimated to be necessary must be delivered to each member of the board of estimate. Under section 76 the statement is not specifically required to be itemized. Repairs are provided for in both sections, but it is evident that the legislature contemplated a distinction between repairs under section 74 and repairs under section 76. A sensible distinction is that under the former only ordinary current repairs are meant, such as would naturally form part of the current expenses of the schools; under the latter are meant those more important repairs which may properly be likened to the enlarging of a school house. The maxim *noscitur a sociis* is applicable. The repairs for which the present appropriation is sought are undoubtedly of the character of current expenses, since they are repairs to existing school buildings and it is not shown that any but ordinary necessary repairs are contemplated. The amount asked therefor should have been separately stated.

Moreover, although section 76 does not in terms require an itemized statement, it requires the board of education to deliver to each member of the board of estimate a statement of the amount of money estimated to be necessary for the purpose or purposes. The obvious intent was to enable the board of estimate to act intelligently in fixing and determining the amount necessary for such purpose or purposes. It would be quite impossible for the board of estimate to act intelligently upon a certificate which included in a lump sum the amount necessary for purchase of land and erecting a new school house, and the amount necessary for repairs to existing school houses. An appropriation made in that way would put it in the power of the board of education to expend the whole appropriation for repairs.

For these reasons we think the judgment should be reversed and a judgment entered in the Supreme Court setting aside the proceedings, with costs.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, BOGERT, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, JJ. 15.