BESSIE M. TOWNSEND, PROSECUTRIX, v. STATE BOARD OF EDUCATION AND JAMES H. HAYES, Jr.

Argued February 19, 1915—Decided November 17, 1915.

The certificate of a board of school estimate to the municipal board or council, required by section 75 of the School act (*Comp. Stat., p.* 4746) is a certificate of the total amount required for the purposes specified in section 74, and not of the specific items to which such amount is applicable; and said total when certified and appropriated is at the disposal of the board of education for such application within the provisions of the act as said board chooses to make of it, in whole or part.

On *certiorari.*

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutrix, *Theodore W. Schimpf.*

For the defendant Hayes, *Bourgeois & Coulomb.*

: The opinion of the court was delivered by

PARKER, J.   This writ was to test the validity of a determination of the state board of education, affirming a decision of the assistant commissioner of education, directing prosecutrix as comptroller of the city of Atlantic City, and by virtue of the School law, *ex-officio* auditor of the school district of Atlantic City, to countersign certain warrants for the salary of James H. Hayes, Jr., as solicitor and attorney of the board of education of Atlantic City.   The ground of Miss Townsend's refusal was that there was no appropriation from which the warrants could be paid.   The reply of the assistant commissioner and the state board was that the warrants might lawfully be, and should be, paid out of moneys appropriated by the board of school estimate for the current expenses of the schools, and was predicated on the provisions of section 62 of the School law (*Comp. Stat., p.* 4743; *Pamph. L.* 1903, 2d special session, *p.* 23) of which those pertinent to this case are, that all disbursements of the board of education shall be by warrant drawn on the custodian of school moneys; such warrants, accompanied by itemized statements of the claims, shall be forwarded to the comptroller or auditing officer of the municipality, who is made *ex-officio* auditor of the school district; such auditor shall examine and audit such warrants and statements, with a view to ascertaining whether the sum or sums are proper, and if he shall find them correct, shall countersign the warrant and forward it to the custodian of school moneys.   The auditor may examine witnesses under oath as to the accuracy and good faith of any claim.   If the auditor shall have reason to believe a claim for which warrant has been issued is incorrect, or for any cause should not be paid, he shall return the warrant and statement to the secretary of the board of education, with a statement of his reasons, and the secretary shall correct the warrant or present it to the board at its next meeting; and if the board find it correct and just it shall by a majority vote order it paid, and the auditor on again receiving the warrant with a statement of the action

of the board shall countersign it and forward it to the custodian for payment.

If this section be applicable, and be unaffected by other parts of the act, the rulings of the assistant commissioner and of the state board should be affirmed; for it is conceded that the warrants were drawn in due form, and after a first refusal by the auditor re-submitted to the board of education, and that that body by a majority ordered them paid. The auditor on a second presentation with statement of this action, still refused to pay them.

The claim on the part of the prosecutrix is that section 62 must be read in connection with sections 74 and 75, relative to the estimates and appropriation of moneys required for current expenses and repairing and furnishing the schools for the coming year, and when. so read, the refusal of the auditor will appear lawful.

By section 74 (*Comp. Stat., p.* 4746) the board of education on or before May 15th, is to deliver to the board of school estimate an "itemized statement" of the money estimated necessary for current expenses and for repairing and furnishing the schools for the ensuing school year, and also the amount apportioned to the district by the county superintendent. With this as a basis (section 75) the board of school estimate fixes and determines the amount necessary to be appropriated for the year, exclusive of the money apportioned by the county superintendent. This determination, in the form of a certificate, is given to the board of education, and also to the municipal council, which appropriates accordingly, subject to certain restrictions not here relevant.

The case shows that pursuant to these sections the board of education made up the itemized statement, totaling $380,320, one of the items of which reads "Solicitor $1,000." It is conceded that this was for salary of a solicitor or legal adviser. When this was submitted to the board of school estimate, that body, after discussion, struck out the item, and reduced the total by that amount. Certificate was made accordingly, and it appears plainly from a comparison of the figures of the appropriation and tax ordinance, and the county

apportionment, that the city appropriation was made on the basis of the certificate of the board of school estimate, as by law it must have been made.

The certificate itself is not part of the return, and we are therefore not informed whether it simply called for a lump sum or specified the items, but, under section 75, a certificate of a lump sum is plainly sufficient, for all that the board of estimate has to determine is "the amount of money necessary to be appropriated for the use of the public schools in such district for the ensuing school year, exclusive of the amount which shall have been apportioned to it by the county superintendent of schools." In our view, it became the duty of the board of estimate to go over the itemized statement of the board of education, and using it as a basis, determine the total amount necessary for the use of the schools. It could reach this result by striking out items or reducing them; but the result reached became a total, and it is such total as modified by the county appropriation that the board of estimate is to certify and the city council provide in the tax levy. As was said by the Court of Errors and Appeals, in *Common Council of Lambertville* v. *Board of Education,* 87 *N. J. L.* 196, 93 *Atl. Rep.* 596, 597, "the obvious intent was to enable the board of estimate to act intelligently in fixing and determining the amount necessary for such purpose or purposes;" and while in that case an estimate of the board of education combining in one lump sum moneys needed for new schools under section 76, with ordinary repairs to existing schools under section 74, was held invalid, it is important to observe that section 76 authorizes a bond issue for new schools, and the intermixing of the purposes specified in the two sections might result in using the proceeds of bonds for current expenses.

Reading the act as a whole, it would seem that the intent was to substitute for the city council the board of school estimate, a joint body, as the arbiter in fixing the annual appropriation for the schools. This amount, when duly certified to the council, is mandatory on it. *Montclair* v. *Baxter,* 76 *N. J. L.* 68. That case related to section 76, where the word

"may" was used. In section 75 the words are "shall appropriate."

In *Newark* v. *Board of Education,* 30 *N. J. L.* 374, the city charter (*Pamph. L.* 1857, *p.* 146, § 60) provided for just such an itemized estimate to be submitted by the board of education to the common council, and that body were thereby "empowered to raise by tax such sum or sums of money for the support of public schools as they deem expedient and necessary, and all moneys so raised and appropriated shall be expended by the board of education for the support of public schools in the city of Newark, according to the provisions of this act." It was held in the case cited that in that disbursement and distribution of the money the board of education were given exclusive management and control, and were in no way subject to the direction or interference of the council except in purchasing real estate.

This decision has never been reversed or overruled, and we think is applicable to the case at bar. The general powers of boards of education under the School act are substantially similar to those in the Newark charter. They may appoint such officers, agents and employes as may be needed, and fix their compensation. (Section 50.) Whether a permanent solicitor at a fixed salary is needed is a matter primarily for their determination.

We are not unmindful of the damage that may be done by a dishonest school board in estimating moneys for one item, and when the appropriation is received, diverting them to other purposes. But we fail to find in the statute that as respects the objects specified in section 74, the legislature intended that the itemized estimate should be more to the board of estimate than a guide to intelligent action in fixing a total appropriation. The result must be that so long as the total appropriation holds out, the auditor has no option after a rejected claim has come back with the imprimatur of the board of education, but to countersign the warrant, and leave the public to its remedies by indictment and otherwise in case of a malfeasance in office by the board.

The order of the state board of education is affirmed.