THE BOARD OF EDUCATION OF LONG BRANCH, IN THE COUNTY OF MONMOUTH, RELATOR, v. BOARD OF COMMISSIONERS OF LONG BRANCH, RESPONDENT.

Submitted December 3, 1923—Decided March 5, 1924.

Schools—Improvements Provided For by Law—Amount of Money Necessary Certified by Board of Education to Governing Body—Appropriation Mandatory Under the Statute.

On rule to show cause why a writ of *mandamus* should not issue.

Before Justices TRENCHARD and CAMPBELL.

For the relator, *John W. Slocum.*

For the respondent, *Thomas P. Fay.*

PER CURIAM.

The depositions disclose the following matters of fact: On October 26th, 1921, the board of education of Long Branch by resolution decided that it was necessary to purchase land upon which to erect a new school building, and resolved, "that the following is a statement of the amount of money estimated to be necessary for the purchase of land as

a site for said school building and expenses necessary and incident thereto, namely, $40,000."

On November 2d, 1921, a statement of the amount of money estimated to be necessary for the purchase of lands for school purposes, as set forth in said resolution, was prepared and delivered to all the persons who were then members of the board of school estimate.

On November 23d, 1921, it was resolved by the board of school estimate "that it now fixes and determines upon $40,000 as a sum necessary for the acquiring of a suitable site for a new school building;" and "that two certificates setting forth said amount be made, one of which shall be delivered to the board of education and the other to the board of commissioners of the city of Long Branch."

It is admitted that on November 23d, 1921, the board of school estimate made two certificates of such resolution, and on or about November 29th, 1921, one of said certificates was delivered by the board of school estimate to the board of education and the other was delivered to the commissioners of the city of Long Branch.

On January 31, 1922, the board of commissioners, by ordinance, appropriated the sum of $40,000 for the purchase of lands for school purposes.

On March 17th, 1922, the board of education called upon the board of commissioners for the sum of $2,500 on account of the total appropriation of $40,000. Such request was refused by the board of commissioners on March 21st, 1922. Subsequently, at the same meeting, an ordinance repealing the ordinance making the appropriation of $40,000 for the purchase of lands for a school site was adopted. Since the date last mentioned the board of commissioners have failed and refused to make any appropriation.

On May 19th, 1922, the board of education filed its petition of appeal with the commissioner of education of the State of New Jersey, setting forth the refusal of the board of commissioners to raise the amount ordered for school purposes by the board of school estimate, and asked that the

commissioner determine that matter; and on June 14th, 1922, the commissioner rendered his decision, in which he affirmed the action of the board of school estimate and ordered the board of commissioners to appropriate $40,000 for the purchase of lands as a school site.

On July 13th, 1922, the board of commissioners appealed to the state board of education from the decision of the commissioner, which afterwards affirmed the decision of the commissioner.

It further appears that the board of commissioners have failed, neglected and refused to appropriate $40,000 certified as aforesaid.

It is admitted the $40,000 fixed and determined as aforesaid, when added to the total amount of bonds heretofore issued for any school purpose by the city and not redeemed, does not equal or exceed the sum of three per centum of the taxable valuation of the real and personal property in the city.

It is admitted that the board of education has jurisdiction over the school district of the city of Long Branch; that the city is governed by an act of the legislature entitled, "An act relating to regulating and providing for the government of cities, towns, townships, boroughs, villages and municipalities governed by boards of commissioners or improvement commissions in this state," approved April 25th, 1911, and the various acts amendatory thereof and supplemental thereto, and the "Home Rule act"; that the present board of commissioners were duly elected by the legal voters of the said city, and are the body having the power to make appropriations of money raised by tax in said city.

Now, section 76 of the School act, as amended, reads as follows:

"Whenever a city board of education shall decide that it is necessary to raise money for the purchase of lands for school purposes, or for erecting, enlarging, repairing or furnishing a school house or school houses, it shall prepare and deliver to each member of the board of school estimate of

such school district a statement of the amount of money estimated to be necessary for such purpose or purposes; said board of school estimate shall fix and determine the amount necessary for such purpose or purposes, and shall make two certificates of such amount, one of which certificates shall be delivered to said board of education, and the other to the common council, board of finance or other body in the city having the power to make appropriations of money raised by tax in such city, hereafter designated the governing body; said governing body may appropriate such sum or sums for such purpose or purposes in the same manner as moneys appropriated for other purposes in such city are raised, assessed, levied and collected; or said governing body may appropriate and borrow such sum or sums for the purpose or purposes aforesaid, and may secure the repayment of the sum or sums so borrowed, together with interest thereon at a rate not to exceed six per centum per annum, by the issue of bonds in the corporate name of such city; bonds so issued shall be designated "school bonds," may be registered or coupon, or both, of such denominations as the governing body may determine." *Pamph. L.* 1921, *p.* 746.

The only changes in section 76 made by supplements or amendments since the revision of the School act in 1903 relate to the time and manner of payment, the rate of interest and method of financing appropriations for school purposes.

Under section 76, when the board of school estimate have fixed and determined the amount necessary for the purchase of lands and the erection of a school house, it is mandatory upon the body having the power to make appropriations of money raised by tax, to cause the amount to be raised by tax, or to borrow the same and secure its repayment by issue of bonds. *Town Council of Montclair* v. *Baxter*, 76 *N. J. L.* 68; *Board of Education of Montclair* v. *Town Council of Montclair, Id.* 59; *Townsend* v. *State Board of Education,* 95 *Atl. Rep.* 729.

On behalf of the board of commissioners it is urged that the appropriation of the money rests in their discretion; that the board of education exceeded its statutory power, and that such board of education and board of estimate failed in the performance of certain conditions precedent. But an examination of the cases cited will disclose that these various contentions have all been determined adversely to the claim of the board of commissioners.

Since the essential facts are not in dispute, the rule to show cause will be made absolute, and a writ of peremtory *mandamus* awarded in accordance with it, with costs.