State v. Watkins.

STATE *v.* SAM WATKINS *et al.*

and

STATE *v.* GEORGE BURNS *et al.*

'(*Knoxville.*   September Term, 1910.)'

**1. DISTURBANCE OF PUBLIC ASSEMBLAGES.   A misdemeanor at common law.**

At common law it is a misdemeanor wantonly to disturb an assemblage of persons met together for any lawful purpose, particularly one of distinctly moral or benevolent character. (*Post, pp.* 504, 505.)

Case cited and distinguished: Layne v. State, 4 Lea, 199.

**2. SAME. Same. Statute does not abrogate the common law offense, other than those specifically mentioned.**

Our statute (Shannon's Code, sec. 6776), punishing those disturbing any assemblage of persons meeting for religious worship, educational or literary purposes, or as a lodge for promoting temperance, does not abrogate the common law offense of disturbing an assemblage other than those specifically mentioned. (*Post, p.* 505.)

Code cited and construed: Sec. 6776 (S.); sec. 5663 (M. & V.); secs. 4853, 4853a (T. & S. and 1858).

Case cited and distinguished: Layne v. State, 4 Lea, 199.

**3. SAME. Same. Same. Disturbance of a Christmas tree celebration is a common law offense.**

The unlawful, willful, and intentional disturbance of an assemblage of persons met together for the purpose of a Christmas tree celebration is a common law offense not affected by the statute mentioned in the preceding headnote. (*Post, pp.* 503, 505 -507.)

State v. Watkins.

Code cited and construed. Sec. 6776 (S.); sec. 5663 (M. & V.); secs. 4853, 4853a (T. & S. and 1858).

Case cited and approved:  Layne v. State, 4 Lea, 199.

4. STATUTES. Construed not to alter the common law further than they expressly declare or necessarily imply.

A statute will not be construed to alter the common law further than it expressly declares, or necessarily implies from the fact that it covers the whole subject-matter. (*Post, p.* 506.)

Case cited and approved:  State v. Cooper, 120 Tenn., 553.

## FROM LOUDON.

Appeal from the Circuit Court of Loudon County. GEORGE L. BURKE, Judge.

ASSISTANT ATTORNEY-GENERAL FAW, for State.

FRANK R. HARRISON and JOHN J. BLAIR, for defendants.

MR. JUSTICE BEARD delivered the opinion of the Court.

The indictment in this case charges that "Sam Watkins, Henry Jackson (and?) Charles Dobson, heretofore on the 25th day of December, 1909, in the county aforesaid, did unlawfully, willfully and knowingly disturb an assemblage of persons met for the purpose of a 'Christmas tree' by loud talking, profane discourse, and other rude and improper conduct to the common nuisance against the peace and dignity of the State." Upon motion the trial judge quashed the indictment, upon the ground, as stated in his order, that "it did not charge an indictable offense." From his action the case

has been brought to this court by the State, and error assigned upon it.

It will be observed that this indictment is found under the common law, and, as such, we are satisfied was maintainable. It is a misdemeanor at common law wantonly to disturb an assemblage of persons met together for any lawful purpose, particularly meetings of a distinctly moral or benevolent character. In 2 Wharton's Criminal Law (10th Ed.), sec. 1556, it is said: "For three or more persons to attempt to break up a meeting, religious or secular, it is indictable either as a riot, or as an attempt at riot. There may be cases, however, in which the number joining in the disturbance is not large enough to constitute a riot, or there may be cases in which it is desirable, for statutory or other reasons, to prosecute for the distinctive offense of improperly interfering with the right belonging to all citizens to meet together for religious or secular conference. There can be no question that the violent interference with this right is indictable at common law, and that any conduct which wantonly disturbs persons so meeting is in like manner indictable."

In 1 Bishop's New Criminal Law, sec. 542, dealing with the same subject-matter, the author says: "When people assemble for worship in their town, or other like meetings, or probably always when they come together in an orderly way for a purpose not unlawful, the common law makes it a crime to disturb their meeting. . . . What amounts to disturbance varies with the nature and object of the meeting."

State v. Watkins.

This holding in no way trenches upon the authority of *Layne* v. *State,* 4 Lea, 199. In that the presentment was framed under section 4853 of the old Code (Shannon's Code, sec. 6776), which section is as follows: "If any person willfully disturb or disquiet any assemblage of persons meeting for religious worship, or for educational or literary purposes, or as a lodge of or for the purpose of engaging in promoting the cause of temperance, by noise, profane discourse, rude, and indecent behavior, or any other act at or near the place of meeting, he shall be fined not less than twenty nor more than two hundred dollars, and may also be imprisoned not exceeding six months in the county jail." The plaintiff in error in that case was presented for disturbing "an assembly of persons met for religious worship," and was convicted. It appearing from the proof that it was not such an assembly, but a meeting held at a schoolhouse as a "Sunday school celebration and Christmas tree," at which no religious services had been appointed, but where speeches were made on the subject of Sunday school and public morality. Upon appeal, it was held by this court that there was a variance between the proof and the charge in the indictment, and that, therefore, the conviction could not be sustained. This was the full extent of the court's holding. There is no intimation in the opinion that it is not a misdemeanor in Tennessee to unlawfully and willfully disturb an assemblage of persons, met for the purpose described in the indictment in this case.

The section of the Code does not pretend to cover the whole ground of nuisance as defined and made punishable at common law. It does not abrogate the common law relating to the disturbance of meetings, other than those specifically mentioned therein, and it is held in *Layne* v. *State,* supra, that a meeting for the purpose of Christmas tree celebrations is not included either in its letter or spirit. It is well settled that "if the statute does not include and cover such a case, it leaves the law as it was before its enactment. . . . A statute will not be construed to alter the common law further than the act expressly declares, or than is necessarily implied from the fact that it covers the whole subject-matter." *State* v. *Cooper,* 120 Tenn., 553, 113 S. W., 1049.

It is a matter of common knowledge, as is well remarked by the attorney-general in the brief submitted by him in this case, that the "custom of having Christmas trees for the benefit and enjoyment of the children and youths of Sunday schools is long established in Tennessee." This custom not only prevails in the cities and towns of the State, but in the rural districts, where there is but little police protection. In such places, if rowdies, by violent and obscene conduct and speech, can interfere with and break up such gatherings without being subject to criminal indictment and punishment, the people have no remedy. As is said for the State: "It will not suffice to say that an indictment for public profanity or obscenity will lie, for in many

State v. Watkins.

cases there may be serious disturbances without the guilty parties indulging in either of these offenses."

The judgment in this cause is reversed, and the case is remanded for a trial.

This opinion disposes also of the case of *State* v. *George Burns et al.,* involving an offense of a similar character.