## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### W. W. V. Company, Inc. v. Black.

June 13, 1912.

Absent, Keith, P.

1. Pleading—*Misjoinder—Demurrer.*—The proper method of raising the objection of misjoinder of actions is by demurrer to the declaration as a whole.

2. Election of Remedies—*Tort or Contract—Theatre Ticket—Ejection.*—While there is a large class of cases springing out of privity of contract in which the remedy is indifferently in *assumpsit* or in case upon tort, as in case of bailments, carriers, attorneys, and the like, in the absence of statute, an action of tort will not lie against the proprietor of a theatre for not keeping or performing his contract or continuing his license of admission to his place of amusement. A theatre ticket is a mere license, revocable at the pleasure of the proprietor, at any time, and if the purchaser remains after revocation he becomes a trespasser, and may be removed by force, and can maintain no action of tort therefor. His only remedy is by action on the contract to recover the money paid for the ticket, and damages sustained by the breach of the contract implied by the sale and delivery of such ticket.

3. Pleading—*Inducement—Character of Action.*—The fact that the contract out of which a cause of action arises is set out by way of inducement in a declaration does not render it a declaration in contract.

4. Pleading—*Demurrer to Whole Declaration—Defective Counts.*—Where a demurrer is interposed to a declaration as a whole and not to each count thereof, and no question of misjoinder is involved, the demurrer should be overruled if there is any good count in the declaration.

Error to a judgment of the Circuit Court of the city of Richmond, in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Allen G. Collins,* for the plaintiff in error.

*John A. Lamb,* for the defendant in error.

Buchanan, J., delivered the opinion of the court.

This case is here upon a writ of error to the action of the circuit court in overruling the demurrer to the declaration.

There are three counts in the declaration. The demurrer is to the whole declaration, and is based upon the ground that the first count is to recover damages for breach of a contract, and the others to recover damages for a tort; and that there was, therefore, a misjoinder of causes of action.

It is not true, as argued by the counsel for the defendant in error, plaintiff in the trial court, that a misjoinder of actions cannot be taken advantage of by demurrer unless it be to each count as well as to the whole declaration. The proper method of raising the question of misjoinder of actions is by a demurrer to the whole declaration. *Creel* v. *Brown,* 1 Rob. (40 Va.) 265; *Ferrill* v. *Brewis, Adm'r,* 25 Gratt. (66 Va.) 765, 767; *Gary* v. *Abingdon Publishing Co.,* 94 Va. 775, 27 S. E. 595, and authorities cited; 1 Chit. Pl. (7th ed.), 228, 696.

The second and third counts are admittedly counts in tort. The first count is in the following words:

"George H. Black, plaintiff, complains of the W. W. V. Company, Inc., a corporation chartered by and doing business under the laws of the State of Virginia, defendant, which has been duly summoned, etc., of a plea of trespass on the case, for this—to-wit: That heretofore—to-wit, on the 16th day of December, 1910—the said defendant was the owner, user, operator, manager, or lessee of a certain theatre or place of amusement in the city of Richmond, Virginia, known as the 'Colonial Theatre,' at which said theatre, or place of amusement, said defendant gave certain entertainments to the public, and for which said defendant charged a certain fee or reward to it in that behalf. And said plaintiff says that on December 16, 1910, aforesaid, the said defendant gave at its said theatre or place of amusement, in the city of Richmond, a certain entertainment, to which the plaintiff purchased a ticket from the defendant, and paid therefor the price demanded by said defendant, and which price so paid was accepted by said defendant, and the ticket so purchased as aforesaid entitled the plaintiff to attend and witness said entertainment. And the said plaintiff

92

says that, for the purpose of seeing said entertainment, he tendered to said defendant the ticket so purchased by him as aforesaid, and was admitted by said defendant to its said theatre or place of amusement aforesaid. Yet the said plaintiff says that, after he entered said theatre or place of amusement aforesaid, as he had a right to do, the said defendant, without any cause or justification, did illegally, unlawfully, wantonly, maliciously, and with force and violence, eject said plaintiff from said theatre or place of amusement, against the will of said plaintiff, and in utter disregard of the rights of said plaintiff. And said plaintiff says that, by reason of the unlawful, illegal, wanton, and malicious conduct of said defendant, he has been greatly injured and damnified in his good name, fame, and reputation, and has been humiliated and embarrassed, worried and annoyed, and has been held up to public ridicule, scorn, and disgrace, and has been otherwise seriously injured and damnified, to the damage of the said plaintiff $10,000.00."

The plaintiff insists that, upon the facts averred in the first count, he had the right either to sue in *assumpsit* for the breach of the contract, or in tort for a breach of the duty which the defendant owed to him, and that this right of electing which of these two remedies he would pursue must be considered in determining whether the count is in tort or in *assumpsit*.

There is a large class of cases in which the foundation of the action springs out of the privity of contract between the parties, but in which, nevertheless, the remedy for the breach or non-performance of it is indifferently in *assumpsit* or in case upon tort, as in the case of bailments, attorneys, surgeons, carriers, and the like. See *Ferrill* v. *Brewis, Adm'r, supra; Spence* v. *N. & W. Ry. Co.*, 92 Va. 102, 113, 22 S. E. 815, 29 L. R. A. 578; 1 Chit. Pl. (7th ed.), 151-2, and authorities cited. But it seems to be well settled, in the absence of legislation to the contrary, that an action of tort will not lie against the proprietor of a theatre for not keeping or performing his contract or continuing his license of admission to his place of amusement.

It is said in 21 Ency. Pl. & Pr., 647 (and the text seems to be sustained by the great weight of authority) that "a theatre ticket being a mere license to the purchaser, which may be revoked

at the pleasure of the theatrical manager, upon such revocation, if the person attempts to enter, or if, having previously entered, he refuses to leave upon request, he becomes a trespasser, and may be prevented from entering, or may be removed by force, and can maintain no action of tort therefor.   His only remedy is by action on the contract to recover the money paid for the ticket, and damages sustained by the breach of the contract implied by the sale and delivery of such ticket." See *Wood* v. *Leadbetter*, 13 M. & W. 838; *Burton* v. *Scharff*, 1 Allen (Mass.) 133,  79 Am. Dec. 717; *McCrea* v. *Marsh*, 12 Gray (Mass.) 211, 71 Am. Dec. 745; *People* v. *Flynn*, 189 N. Y. 180, 82 N. E. 169, 12 Am. & Eng. Ann. Cases 420; *Purcell* v. *Daly*, 19 Abb. N. Cases (N. Y.) 301; *Horney* v. *Nixon*, 213 Pa. St. 20, 61 Atl. 1088, 110 Am. St. Rep. 520, 1 L. R. A. (N. S.) 1184, 5 Am. & Eng. Ann. Cases 349; *Taylor* v. *Cohn*, 47 Oregon 538, 84 Pac. 388, 8 Am. & Eng. Ann. Cases 527; *Buenzle* v. *Newport Amusement Co.*, 29 R. I. 23, 68 Atl. 721, 14 L. R. A. (N. S.) 1242; Cooley on Torts (2d ed.) 306; 38 Cyc. 264–5.

The plaintiff, having no right to bring an action of tort for the breach of the contract between him and the defendant, the question of choice of remedies cannot be considered in determining whether the first count is in *assumpsit* or in tort.

The second and third counts each do state a good cause of action, not for a breach of the contract or license, but for the wrongs and injuries alleged to have been done the plaintiff by assaulting and imprisoning him.   The demurrer being to the whole declaration, and not to each count thereof, and there being no misjoinder of actions, the demurrer was properly overruled.

The judgment complained of must, therefore, be affirmed.

*Affirmed.*