## MARRONE v. WASHINGTON JOCKEY CLUB.

### ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 59. · Argued February 28, 1913 -- Decided March 10, 1913.

The rule commonly accepted in this country from the English cases is that a ticket to a place of entertainment for a specified period does not create a right *in rem*.

A contract binds the person of the maker, but does not create an interest in the property it concerns unless it also operates as a conveyance; a ticket of admission cannot have seen speet as it is not under seal and by common understanding it does not purport to have that effect.

Specific performance of rights claimed under a mere ticket of admission to property cannot be enforced by self-help; the holder refused admission must sue for the breach.

While there might be an irrevocable right of entry under a contract incidental to a right of property in land or in goods thereon, where the contract stands by itself it must be a conveyance or a mere revocable license.

35 App. D. C. 82, affirmed.

THE facts, which involve the rights of the purchaser of a ticket to a race track, and liability for his ejection therefrom, are stated in the opinion.

Mr. *Lorenzo A. Bailey*, with whom Mr. *George A. Prevost* was on the brief, for plaintiff in error:

A conspiracy, for the purposes of a civil action, is a combination of two or more persons by some concerted action to accomplish any purpose by unlawful means or an unlawful purpose by any means. *Karges Furniture Co.* v. *Amalgamated Woodworkers' Union*, 165 Indiana, 421.

It may be a verbal agreement or undertaking, or a scheme evidenced by the action of the parties. *Franklin Union* v. *People*, 220 Illinois, 355.

Any conspiracy the object of which is to wrongfully or maliciously injure another in business, trade, or reputation, is actionable. Although in criminal conspiracy the combination is the gist of the offense, in civil conspiracy damage is the gist and not the combination itself. Eddy on Combinations, §§ 253, 371, 373.

The evidence of conspiracy is generally, from the nature of the case, circumstantial. It is not necessary to prove that the defendants came together and actually agreed in terms. Greenl. Ev. (Redf. Ed.), § 93; 8 Cyc. 685.

The record here shows the defendants acted in concert in ruling off the plaintiff and also in asserting, as grounds for ruling him off, that the horse was stimulated, thereby implying that he was responsible for it, which assertion was wholly false and the defendants had no reason even to suspect it to be true.

In an action for conspiracy to wrongfully expel plaintiff from the society, whether the members acted fairly and in good faith in finding that a letter written by plaintiff was in violation of the constitution and laws of the order, was for the jury. *St. Louis & S. W. Ry. Co.* v. *Thompson.* 113 S. W. Rep. 144.

The third and fourth assignments of error are based on the fifth exception to the action of the court in taking the case from the jury and present several questions of law.

As to the rights acquired by the plaintiff by the purchase of his ticket, see *Taylor* v. *Waters*, 7 Taunt. 374, decided in 1817; *Wood* v. *Leadbitter*, 13 M. & W. 838; *McCrea* v. *Marsh*, 12 Gray, 211; *Burton* v. *Scherpf*, 1 Allen, 133; *Drew* v. *Peer*, 93 Pa. St. 234.

The New York courts emphatically repudiate the doctrine of *Wood* v. *Leadbitter*. *McGoverney* v. *Staples*, 7 Alb. L. J. 219, holds that an action for assault and battery lies for forcible expulsion of a season ticket holder from the fair grounds of an agricultural society. And see also

*MacGowan* v. *Duff*, 12 N. Y. 680; *Cremore* v. *Huber*, 18 App. Div. 231; *Smith* v. *Leo*, 92 Hun, 242; *Collister* v. *Hayman*, 183 N. Y. 250; Wandell's Law of the Theater, 221; Brackett's Theatrical Law, 166; *People* v. *King*, 110 N. Y. 418, 428; *Pearce* v. *Spalding*, 12 Mo. App. 141; *Greenberg* v. *Western Turf Assn.*, 140 California, 357.

The establishment of the doctrine referred to demonstrates the fallacy of the theory of revocability for which Brackett and Wandell contend. *People* v. *King*, 110 N. Y. 418; *Baylies* v. *Curry*, 128 Illinois, 287; *Joseph* v. *Birdwell*, 28 La. Ann. 382; and see Article in 12 Cent. L. J. 390.

A license, founded upon a valuable consideration, to enter the land of another, is not revocable at the will of the licensor. *Ditch Co.* v. *Ditch Co.*, 10 Colo. App. 276; *Burrow* v. *Terre Haute R. Co.*, 107 Indiana, 432; 28 A. & E. Enc. 124.

The condition printed on the ticket, that the decision of an officer of the association shall be conclusive is inapplicable in this case, in which the decision was *ex parte* and in flagrant disregard of the plaintiff's right to have an inquiry as requested by him.

The conditions upon which the defendants could refuse to admit plaintiff are specified on the back of the ticket. The good faith of the stewards in their decision is directly impeached and put in issue in this suit and, upon all the evidence, was a question of fact for the jury. *St. Louis & S. W. Ry. Co.* v. *Thompson*, 113 S. W. Rep. 144.

*Mr. Charles L. Frailey* with whom *Mr. A. S. Worthington*, was on the brief, for defendants in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action of trespass for forcibly preventing the plaintiff from entering the Bennings Race Track in this District after he had bought a ticket of admission, and for

doing the same thing, or turning him out, on the following day just after he had dropped his ticket into the box. There was also a count charging that the defendant conspired to destroy the plaintiff's reputation and that they excluded him on the charge of having 'doped' or drugged a horse entered by him for a race a few days before, in pursuance of such conspiracy. But as no evidence of a conspiracy was introduced and as no more force was used than was necessary to prevent the plaintiff from entering upon the race track, the argument hardly went beyond an attempt to overthrow the rule commonly accepted in this country from the English cases, and adopted below, that such tickets do not create a right *in rem.* 35 App. D. C. 82. *Wood* v. *Leadbitter,* 13 M. & W. 838. *McCrea* v. *Marsh,* 12 Gray, 211. *Johnson* v. *Wilkinson,* 139 Massachusetts, 3. *Horney* v. *Nixon,* 213 Pa. 20. *Meisner* v. *Detroit, Belle Isle & Windsor Ferry Co.,* 154 Michigan, 545. *W. W. V. Co.* v. *Black,* 75 S. E. Rep. 82, 85. *Shubert* v. *Nixon Amusement Co.,* 83 Atl. Rep. 369. *Taylor* v. *Cohn,* 47 Oregon, 538, 540. *People* v. *Flynn,* 114 App. Div. 578, 189 N. Y. 180.

We see no reason for declining to follow the commonly accepted rule. The fact that the purchase of the ticket made a contract is not enough. A contract binds the person of the maker but does not create an interest in the property that it may concern, unless it also operates as a conveyance. The ticket was not a conveyance of an interest in the race track, not only because it was not under seal but because by common understanding it did not purport to have that effect. There would be obvious inconveniences if it were construed otherwise. But if it did not create such an interest, that is to say, a right in rem valid against the landowner and third persons, the holder had no right to enforce specific performance by self-help. His only right was to sue upon the contract for the breach. It is true that if the contract were incidental to a

right of property either in the land or in goods upon the land, there might be an irrevocable right of entry, but when the contract stands by itself it must be either a conveyance or a license subject to be revoked.

*Judgment affirmed.*