## DE LA YSLA v. PUBLIX THEATRES CORPORATION

No. 5284. Decided November 9, 1933. (26 P. [2d] 818.)

*Roque E. de la Ysla,* in pro. per.

*Ingebretsen, Ray & Rawlins,* and *J. M. Christensen,* all of Salt Lake City, for respondent.

STRAUP, C. J.

This case went off on a demurrer to the complaint. Upon the failure of the plaintiff to further plead, the action was dismissed. He appeals. The substance of the complaint is that the defendant, a corporation, was the owner of and operated at Salt Lake City "a public amusement theatre" under the name of the "Victory Theatre"; that the plaintiff purchased from the ticket seller of the defendant and paid $1.40 for four tickets, one for himself and three for three of his friends accompanying him, all Filipinos and residents of Salt Lake City, Utah, and adult persons, which tickets called for seats on the lower floor of the theater and entitled the holders to occupy such seats and were sold for such purpose; that the plaintiff and his friends presented the tickets to the usher and as they were about to enter the lower floor called for by the tickets, the head usher "halted the plaintiff and his friends and showed them to the balcony, to which plaintiff objected in a decorous and orderly manner" and demanded an explanation, to which the head usher stated, "It is the rule of the house that we are not allowed to seat you Filipinos on the lower floor by reason of your race and color"; that the plaintiff and his friends, being without notice or knowledge that Filipinos were not allowed to occupy seats on the lower floor, "and relying upon the contract entered into between the plaintiff and said defendant corporation whereby plaintiff paid the purchase price of the seats desired and the defendant to furnish the accommodation called for, proceeded to enter the seats on the lower floor, who as a result were maliciously denied public accommodation causing the breach of the contract by the said defendant corporation"; that the "plaintiff and his companions as a result of such racial discrimination in front of several persons present at the said theatre at the

time, were put to shame, great embarrassment, mortification, ridiculed and humiliated thus causing said plaintiff and his other three friends great disgrace, mental sufferings and humiliations of their personal dignities to their damage of $4,000.00, plus the purchase price of the four tickets in the amount of $1.40."

The prayer is that the defendant "be ordered to allow plaintiff to occupy the seats on the lower floor or to occupy any seats to which their tickets may call for"; judgment for $1.40, the price paid for the tickets; $4,000 punitive damages; and for attorney's fees and costs.

The demurrer interposed to the complaint was a general demurrer. No special demurrer or other pleading or motion was interposed either as to parties or as to plaintiff's right to claim and recover anything for mental suffering or humiliation, etc., either on his own behalf or on behalf of his friends. While some of such claimed defects are here argued by the respondent, yet, as the complaint was not challenged on such ground, the respondent is restricted to a consideration of the general demurrer for want of facts to state a cause of action, the only ground upon which the complaint was challenged in the court below.

At the threshold it may be conceded that the complaint does not state a cause of action in tort. If one is stated, it is in contract. Apparently the pleader attempted to characterize the action as one in contract, but in such connection claimed not only actual and pecuniary damages as a direct and proximate result of the alleged breach of the contract, but also punitive damages as prayed for, or compensatory damages for mental suffering, humiliation, etc., attempted to be alleged in the body of the complaint. If the complaint states a cause of action for an alleged legal element of damage, the fact that other elements may be alleged which are not legal or recoverable damages in the action does not render the complaint bad on a general demurrer.

Rather extended arguments are made and many cases

cited with respect to civil rights statutes and rights and privileges guaranteed by the state and national Constitutions. Many of the states have civil rights statutes. We have none. The case, as we view it, is to be ruled under the law of contracts and a breach thereof. From text-books and adjudicated cases on the subject in hand, we by the great weight of authority deduce these principles: That the carrying on of a theater or other place of public amusement is a private business which is not governed by rules governing common carriers or other kind of business affected with a public duty, and, in the absence of statutory regulations of the business or of a statute, the proprietors are not, as in the case of common carriers, obligated to admit any one who may apply and be willing to pay for a ticket, but may admit or exclude persons at their pleasure, and if any one applies at the ticket office of a theater and desires to purchase tickets of admission and is refused, he has no cause of action against the proprietor of a theater for such refusal; that in the absence of a statute or statutory regulation, the proprietor may make such rules and regulations for the conduct of the business as he sees fit; he may segregate or exclude persons of all classes or races and admit only whomsoever he desires; that a ticket of admission to a theater or other place of amusement in the absence of a statute is a mere license and revocable at the will of the proprietor, and where the right of revocation has been exercised, if a ticket holder attempts to enter or if, after having entered, he refuses to leave, he becomes a trespasser and may be prevented from entering or may be removed after having entered, with such force as is necessary for the purpose, and it makes no difference whether the ticket is one for general admission or for particular seats in a designated portion of the house. Where, however, in the absence of a statute or statutory regulations, a ticket is sold by the proprietor or by one authorized or employed by him to sell tickets to a purchaser, whether white or colored, and who has paid the purchase price entitling him

to a particular seat or portion of the house or for general admission and without fault or misconduct or misbehavior on his part, is by the proprietor, or by his agent or employee in the course of his employment, denied and refused to occupy the seat or portion of the house called for by the ticket and the ticket revoked, and no more force used than is necessary to prevent the purchaser from entering or occupying the seat or the portion of the house called for by the ticket and is not subjected to abusive or insulting or offensive language or otherwise by improper treatment, his only remedy is for breach of contract, and the measure of his damages the amount paid for the ticket and other legal and pecuniary damages sustained by him as a direct and proximate result of the breach; but, in such case, no recovery may be had for compensatory or punitive damages for disappointment suffered by reason of having been denied admission or for humiliation or mental suffering and the like. 62 C. J. 859, § 36 et seq.; 11 C. J. 810; 26 R. C. L. 703, § 8 et seq., 710, § 12 et seq; notes to the cases of *Finnesey* v. *Seattle Baseball Club*, 30 A. L. R. 951, and *Collister* v. *Hayman*, 111 Am. St. Rep. 740, 5 Ann. Cas. 346. It is unnecessary here to recite the cases cited in support of the texts and referred to in the annotations. However, we may call special attention to the cases of *Taylor* v. *Cohn*, 47 Or. 538, 84 P. 388, 389, 8 Ann. Cas. 527; *Finnesey* v. *Seattle Baseball Club*, supra, 122 Wash. 276, 210 P. 679, 30 A. L. R. 948; *Marrone* v. *Washington Jockey Club*, 227 U. S. 633, 33 S. Ct. 401, 57 L. Ed. 679, 43 L. R. A. (N. S.) 961; *Horney* v. *Nixon*, 213 Pa. 20, 61 A. 1088, 1 L. R. A. (N. S.) 1184, 110 Am. St. Rep. 520, 5 Ann. Cas. 349; *Younger* v. *Judah*, 111 Mo. 303, 19 S. W. 1109, 16 L. R. A. 558, 33 Am. St. Rep. 527; *Boswell* v. *Barnum & Bailey*, 135 Tenn. 35, 185 S. W. 692, L. R. A. 1916E, 912; *Shubert* v. *Nixon Amusement Co.*, 83 N. J. Law, 101, 83 A. 369; *Civil Rights Cases*, 109 U. S. 3, 3 S. Ct. 18, 27 L. Ed. 835. As already observed, many of the states have civil rights acts which prohibit discrimination or the denial of equal enjoyment of rights in public places of

recreation and amusement, because of race or color. Cases under such states have here no application since we have no such statute. As stated in 24 Cal. Jur. 555:

> "At common law the purchaser of a ticket to a place of amusement holds only a revocable license and the proprietor of such a place may either refuse the holder of the ticket admission or reject him after admission, not being responsible in tort but merely in contract for the price of the ticket and the necessary expenses incurred by the purchaser."

The author further observes, however, that the Legislature may make it unlawful for the proprietor of a place of amusement to revoke a personal license, and that the Civil Code (Civ. Code of California, § 53) makes it unlawful for any proprietor of any place of amusement to refuse admittance to any adult person who presents a ticket of admission acquired by purchase and who is not guilty of boisterous conduct or under the influence of liquor or not a person of lewd or immoral character, etc.; and since under the Code all citizens are entitled to the full and equal accommodations of theaters, etc., subject only to conditions and limitations established by law and applicable alike to all citizens, the owners of a theater are liable for acts of their employees in discriminating against a member of a colored race.

Whatever cause of action, if any, the plaintiff may have had in tort, it is clear that no sufficient facts are stated to entitle him to any such redress. If, therefore, any cause of action is stated, it is one in contract and for the breach thereof. The complaint is not a model. Some things are stated in more or less confusion. But the complaint was not assailed on that ground. If sufficient facts are alleged to show a cause of action in contract, the general demurrer ought to have been overruled. It is sufficiently alleged that the defendant owned and operated a public theater; that the plaintiff purchased from the ticket seller of the defendant four tickets for four seats on the lower floor of the house, paying $1.40 therefor; that the

plaintiff and his three companions presented themselves and the tickets for entrance to seats on the lower floor called for by the tickets; that they were denied and refused admission to such seats or to the lower floor of the house, because the plaintiff and his friends were Filipinos; that the plaintiff thereby was damaged in the sum of $1.40 paid by him for the tickets, as well as $4,000 damages suffered by him and his friends on account of embarrassment, humiliation, mental suffering, etc.

Considering the case from the viewpoint, as we do, that the only legal damages for the alleged breach of the contract stated in the complaint was the purchase price paid for the tickets, and regarding all other alleged elements of damage as irrelevant and for which, under the allegations of the complaint, no recovery on the alleged breach of contract can be had, how stands the case? We believe the question is answered by the case of *Taylor* v. *Cohn,* supra. In that case the persons having purchased tickets to a theater to occupy boxes were colored. On presenting themselves and the tickets they were informed that "it is a rule of this house not to allow Negroes to occupy boxes and you will have to exchange your tickets." The plaintiff refused to exchange the tickets and was thereupon requested by the defendant's agents to leave the theater. He was accompanied by his wife and had as his guests three friends, and, as alleged, he was greatly disappointed, disturbed in mind, and humiliated, etc. In reviewing the case the court approvingly quoted from *Horney* v. *Nixon,* supra, to the effect that:

"The case as presented by the plaintiff has not a single tortious feature. He had purchased a ticket, calling on its face for a seat which he insisted on having, and it was the duty of the defendants to give it to him; but their failure to perform that duty was simply a failure to perform their contract with the holder of the ticket, and for such failure the remedy, as in any other simple breach of contract, is in assumpsit for damages for the breach. * * * The proprietor of a theater is a private individual, engaged in a strictly private business, which, though for the entertainment of the public, is always limited

to those whom he may agree to admit to it. \* \* \* When he sells a ticket, he creates contractural relations with the holder of it, and whatever duties on his part grow out of these relations he is bound to perform, or respond in damages for the breach of his contract, if it is of that only that complaint can be made."

Said the Oregon court further:

"It is clear, therefore, that plaintiff cannot maintain an action in tort against the defendant to recover damages for the wrongful refusal to permit him to occupy the seats purchased, nor for the humiliation or inconvenience attending such refusal.

"The defendant is liable, however, for a breach of contract, and the question remains whether the complaint does not state facts sufficient to constitute such a cause of action. \* \* \* Now, the complaint states that defendant is the proprietor of a theater; that on or about a certain date the plaintiff purchased of him a ticket for seats at a certain performance in his theater; that such tickets were presented at the proper time and place, but defendant refused to permit the plaintiff to enter the theater or occupy such seats; and by reason thereof he was damaged in a certain sum. This would seem to be a sufficient statement of a cause of action for a breach of contract. The other allegations of the complaint may be treated as surplusage, and it stand as an action to recover for breach of the contract made by the defendant with the plaintiff when he sold the theater tickets to him, and as a consequence the demurrer ought to have been overruled."

Such views, as we think, are sustained by the great weight of judicial authority. While it is not here alleged whether the plaintiff and his friends when denied admission to the lower portion of the house withdrew from the theater, or whether they accepted the invitation to occupy and occupied seats in the balcony and witnessed the theater performance, yet it is enough now to say, that the defendant breached the contract when the plaintiff and his friends, as alleged, were denied seats in the portion of the house called for by their tickets. What effect, if any, an acceptance of such invitation would have in diminution of damages is not now before us, since no such acceptance appears on the face of the complaint. Nor are we on this appeal concerned with what the effect would be had the defendant prior to the commencement of the action tendered the plaintiff or re-

funded the purchase price paid by him for the tickets, for again, no such tender or refund appears on the face of the complaint.

So, taking the complaint as it is, we are of the opinion it states a cause of action for breach of contract, and hence the general demurrer ought to have been overruled and that the court erred in sustaining it, though the amount of legal damages stated in the complaint is small.

The judgment of the court below is therefore reversed with directions to reinstate the case, overrule the general demurrer, and give the defendant leave to answer or further plead. Costs to the appellant.

ELIAS HANSEN, FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.