**Ada M. SCOTT, for herself, for her daughter, Jacquelynne A. Scott, an infant, and for others similarly situated, Appellees,**

**United States of America, by Ramsey Clark, Attorney General, Intervenor,**

**v.**

**Joseph S. YOUNG, d/b/a Timberlake, Appellant.**

**No. 13814.**

United States Court of Appeals Fourth Circuit.

Argued Nov. 6, 1969.

Decided Jan. 16, 1970.

LaRue Van Meter, Falls Church, Va., for appellant.

John Bleveans, Attorney, Civil Rights Division, Department of Justice (Jerris

**144**

Leonard, Asst. Atty. Gen., David L. Norman, Deputy Asst. Atty. Gen., Department of Justice, and Brian P. Gettings, U. S. Atty., on the brief), for intervenor United States of America.

Allison W. Brown, Jr., Washington, D. C. (Robert M. Alexander, Arlington, Va., on the brief), for appellees.

Before SOBELOFF, WINTER and BUTZNER, Circuit Judges.

SOBELOFF, Circuit Judge.

Timberlake is a privately owned recreational facility in Fairfax County, Virginia, that is open to the white public upon payment of an admission fee, but excludes blacks and other non-whites.

It covers about 23 acres and encompasses two lakes for swimming, diving, canoeing, fishing, sunbathing and picnicking. There are several floats or rafts in the lakes. Canoes, inner tubes, umbrellas and picnic tables may be rented. No food or beverage is sold on the premises. Admission to Timberlake is $1.25 for adults and 50 cents for children. The establishment is open from mid-May through mid-September, during which time it accommodates about 65,000 persons and grosses about $50,000. Ninety percent of the gross receipts comes from admission charges; the remainder is from rentals. Located approximately 15 miles from the District of Columbia and from Maryland, many of its patrons come by automobile from these localities. Timberlake road signs are planted near interstate routes. Canoes and umbrellas used at Timberlake were purchased in Washington, D. C. The enterprise has advertised in the *Washington Evening Star*.

Suit was originally instituted in 1965. A consent decree, based on Title II of the 1964 Civil Rights Act, was entered on December 5, 1966, enjoining defendant from further discrimination. The judgment, however, was founded on the presence at that time of an eating facility within Timberlake. Subsequently the eating facility was closed and the discriminatory policy was continued.

In August and September 1968 plaintiffs moved in the District Court for further relief and for renewal of the original injunction. The motion was prompted by judicial developments in the interpretation of the Civil Rights Acts of 1964 and 1866. The District Court granted the requested relief and defendant appeals.

I

*Civil Rights Act of 1964 (42 U.S.C. § 2000a)*

Section 201(a) of Title II of the 1964 Civil Rights Act prohibits discrimination in public accommodations. An establishment is a "public accommodation" if its operations "affect commerce" (§ 201(b)) and if it is a "place of exhibition or entertainment" (§ 201(b) (3)). Such a place of entertainment does affect commerce if "it customarily presents films, performances, athletic teams, exhibitions, or other sources of entertainment which move in commerce." (§ 201(c) (3)).

The District Court found that Timberlake is a place of entertainment and that its operations affect commerce. Except that it is smaller in scale, Timberlake is a virtual carbon copy of the Lake Nixon facilities the Supreme Court reviewed in Daniel v. Paul, 395 U.S. 298, 89 S.Ct. 1697, 23 L.Ed.2d 318 (1969). In that case the Court ruled that a recreational area—in which patrons are not passive spectators but direct participants—is a "place of entertainment" within the meaning of § 201(b) (3). The Supreme Court also concluded in *Daniel* that recreational equipment and apparatus originating out of the state constituted "sources of entertainment which move in commerce" for the purposes of § 201(c) (3). The Court specifically approved Miller v. Amusement Enterprises, Inc., 394 F.2d 342 (1968), in which the Fifth Circuit held that patrons themselves, who entertain other patrons by their activity, are "sources of entertainment." Both types of sources, stemming from points beyond the Vir-

ginia borders, are found at Timberlake. Accordingly, the District Court's conclusion that Timberlake is within the ambit of the 1964 Act is clearly correct.

## II

*Civil Rights Act of 1866 (42 U.S.C. § 1981)*

42 U.S.C. § 1981 provides that

all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts * * * as is enjoyed by white citizens * * *.

In Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968), the Supreme Court dealt with 42 U.S.C. § 1982, which is derived from the same clause of the 1866 Act (14 Stat. 27). The Court declared that the Act, which guarantees blacks the right to "purchase [and] lease * * * real and personal property," prohibited a private developer from refusing to sell a house to a Negro. Recently, the same statute was applied to the conveyance of a lease coupled with the right to use a swimming pool. Sullivan v. Little Hunting Park, Inc., 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (Dec. 15, 1969). The provision invoked in this case, § 1981, the sister to § 1982, must be construed in similar broad fashion.

The Timberlake proprietors bestow the right of admission in return for a fee. This is unquestionably a contract. Marrone v. Washington Jockey Club, 227 U.S. 633, 636, 33 S.Ct. 401, 57 L.Ed. 679 (1913) (Holmes, J.); Watkins v. Oaklawn Jockey Club, 86 F.Supp. 1006, 1016 (W.D.Ark.1949), aff'd, 183 F.2d 440 (8th Cir. 1950); W. W. V. Co. v. Black, 113 Va. 728, 75 S.E. 82 (1912). Refusal to extend the same contractual opportunity to blacks is, as the District Court decided, a violation of 42 U.S.C. § 1981. Valle v. Stengel, 176 F.2d 697 (3rd Cir. 1949); United States v. Medical Society of South Carolina, 298 F. Supp. 145, 152 (D.S.C.1969); Dobbins v. Local 212, International Brotherhood

of Electrical Workers, 292 F.Supp. 413, 442 (S.D.Ohio 1968); Williams v. Kansas City, Missouri, 104 F.Supp. 848, 859 (W.D.Mo.1952), aff'd, 205 F.2d 47 (8th Cir. 1953), cert. denied, 346 U.S. 826, 74 S.Ct. 45, 98 L.Ed. 351 (1953).

## III

Plaintiff, Ada Scott, has moved under 42 U.S.C. § 2000a–3(b) for allowance of attorney fees for this appeal. The motion is granted and the case is remanded to the District Court to determine the amount.

Affirmed and remanded.