## HERNANDEZ v STATE OF FLORIDA
### Case No. 86-257 AC (County Court Case No. 86-210452)
Eleventh Judicial Circuit, Appellate Division, Dade County
May 7, 1987

### APPEARANCES OF COUNSEL

**Jose J. Larraz, Jr.** for appellant.
**Michael Neimand** for appellee.

Before RIVKIND, NADLER, FEDER, JJ.

### OPINION OF THE COURT

RICHARD YALE FEDER, Judge.

This is an appeal from a conviction for violation of section 810.08(1), F.S., the so-called "Trespass after Warning" statute, when appellant refused to leave Hialeah Racetrack, though previously warned by the track and by a Racing Commission Order banning his attendance at

any racing track, because of his prior conviction for cocaine possession while a Calder Race Track Concessionaire. The Appellant had purchased a ticket as a patron and was not in any way obstructing the function of the Hialeah track.

A majority of this Court, upon breaking from the gate, felt the conviction could not stand since the underlying "banishment" was an unconstitutional exercise by the Racing Commission and Track. However, while whipped into racing around the Library Track, the Court was cut off at the far pole by Appellate Decisions,, out of *Stare Decisis*, and the winner by many lengths was Affirmed.

The front runner was *Marrone v. Washington Jockey Club of the District of Columbia*, 227 U.S. 633, 33 S.Ct. 401 (U.S. Sup. Ct. 1913) when, in a similar situation, Justice Holmes ruled that the purchase of an admission ticket does not create a right *in rem* and the track could exclude a patron for real or imaginary reasons.

Coming up fast on the outside was *Calder Race Course, Inc. v. Gaitan*, 393 So.2d 15, 16 (Fla. 3d DCA 1980), which clearly held:

"Until the Florida Legislature acts or private racing establishments disparage constitutionally guaranteed rights, they continue to have the right to choose those persons with whom they wish to do business."

*Winfield v. Noe, Jr.*, 426 So.2d 1148 (Fla. 3d DCA 1983), broke from the field and lead all the way into the home stretch. That decision affirmed that a track may exclude any patron, ". . . absent a showing that the exclusion of any person is for reasons which are constitutionally impermissible".[1]

Since ancient times, the Common Law created the absolute right to exclude any patron. Until and unless the Legislature acts to abrogate that right, this Court cannot do otherwise than to affirm the conviction below. It should be noted that many State have abrogated that absolute right, but Florida remains far behind the pack. See, *Tropical Park, Inc. v. Jock*, 374 So.2d 639 (Fla. 3d DCA 1979); *cert. denied* 383 So.2d 1196 (Fla. 1980). The solution remains with the Legislature, and it is suggested the Legislature jockey Florida into the rail lane before urinalysis and saliva tests become pre-admission requirements for patrons, as well as horses.

---

[1] Obviously, herein neither race, sex, nor religion played any part in the Appellant's exclusion. In *Tropical Park v. Jock, infra*, the exclusion was based only on "knowledge" by the Track of "underworld connections" of the patron.

This Court, bridled by its obligation to enforce, not create Law, and saddled with the duty to apply the Law even handedly, cannot say "neigh" and must take the bit between its teeth and affirm. We do so.

Rivkind, Nadler, JJ., concur.