Dillon S. SWEENEY, Plaintiff–Appellant,

v.

UNITED ARTISTS THEATER CIRCUIT,
INC., Defendant–Appellee.

No. 03CA2085.

Colorado Court of Appeals,
Div. I.

March 10, 2005.

Certiorari Denied Sept. 12, 2005.

dant's motion, finding that plaintiff's movie ticket was a license rather than a contract and that plaintiff's claim was untimely filed as a tort claim. The court also awarded attorney fees and costs to defendant.

Raymond P. Micklewright, Colorado Springs, Colorado, for Plaintiff–Appellant.

Rothgerber Johnson & Lyons, LLP, Brian J. Spano, Vance O. Knapp, Denver, Colorado, for Defendant–Appellee.

HUME *, J.

Plaintiff, Dillon S. Sweeney, appeals the trial court's judgment dismissing his complaint against defendant, United Artists Theater Circuit, Inc. Plaintiff also appeals an award of attorney fees and court costs to defendant. We affirm the dismissal and the award of court costs and reverse the award of attorney fees.

In March 2001, while attending a movie in defendant's theater, plaintiff and his friend (Ketchum) were injured when they were struck by an acoustic tile that fell from the ceiling. Shortly thereafter, Ketchum sued defendant for negligence under the Colorado Premises Liability Act, § 13–21–115, C.R.S. 2004, and the case settled.

Plaintiff commenced this action in May 2003, over two years after the incident. In his complaint, plaintiff did not plead the Colorado Premises Liability Act, but alleged breach of contract and negligent breach of contract. Plaintiff sought recovery of medical expenses, past earnings, future earnings, and damages for pain and suffering.

Defendant moved to dismiss under C.R.C.P. 12(b)(5) for failure to state a claim, alleging that plaintiff's claim was a personal injury claim that should have been brought under the Colorado Premises Liability Act and was barred by the two-year statute of limitations. The trial court granted defen-

I.

■ Plaintiff contends that the trial court erred when it granted defendant's motion to dismiss. Specifically, plaintiff argues that sale of a movie ticket creates contractual duties on the part of theater operator to provide a safe environment in which to view the attraction and to give the ticket purchaser notice of any dangerous condition in the theater. He then argues that, because his complaint alleges that defendant breached these duties, the three-year contract statute of limitations, rather than the two-year tort statute of limitations, applies. We disagree.

■ A motion to dismiss pursuant to C.R.C.P. 12(b)(5) tests the sufficiency of a plaintiff's complaint. Such a motion is looked on with disfavor and should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief. The court must accept all averments of material fact as true, and all the allegations in the complaint must be viewed in the light most favorable to the plaintiff. We review the trial court's ruling de novo. *Verrier v. Colo. Dep't of Corr.*, 77 P.3d 875 (Colo.App.2003).

A.

We are not persuaded by plaintiff's contention that defendant's sale of the admission ticket to plaintiff created contractual obligations to provide safe facilities and to notify him of a dangerous condition.

■ A license is a personal privilege to do some act or series of acts upon the land of another not involving possession of an estate or interest therein and, ordinarily, is revocable at the will of the licensor. *See Patzer v. City of Loveland*, 80 P.3d 908 (Colo.App.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2004.

2003); *Booker v. Cherokee Water Dist.*, 651 P.2d 452 (Colo.App.1982).

■ It is generally recognized that an admission ticket is a revocable license to witness a performance or attraction. *See Marrone v. Washington Jockey Club*, 227 U.S. 633, 33 S.Ct. 401, 57 L.Ed. 679 (1913); *Boswell v. Barnum & Bailey*, 135 Tenn. 35, 185 S.W. 692 (1916); *Jordan v. Concho Theatres*, 160 S.W.2d 275 (Tex.Civ.App.1941). If a license is revoked, the license holder's recovery is limited to the purchase price. *See Capital Theatre Co. v. Compton*, 246 Ky. 130, 54 S.W.2d 620 (1932); *Shubert v. Nixon Amusement Co.*, 83 N.J.L. 101, 83 A. 369 (Sup.Ct.1912); *Boswell v. Barnum & Bailey*, *supra*; *Jordan v. Concho Theatres*, *supra*; *W.W.V. Co. v. Black*, 113 Va. 738, 75 S.E. 82 (1912).

Plaintiff mistakenly relies on *American Coin–Meter, Inc. v. Poole*, 31 Colo.App. 316, 503 P.2d 626 (1972), for the proposition that the sale of the movie ticket imposed on defendant a duty to provide him with safe facilities and to give him notice of a dangerous condition. In *American Coin–Meter*, a laundry machine operator and a landowner entered into a written contract that granted the operator a right to install and operate laundry machines on the landowner's property. When a new landowner removed the machines, the operator sued for the breach of a lease. A division of this court held that the contract was not a lease, but a license that permitted the laundry machine operator to enter the landowner's property for the limited purpose set forth in the license, and that the new landowner could revoke such a license at will without incurring any liability.

Cases that plaintiff relies on for the proposition that defendant is liable for the breach of a license are inapposite. In *P & M Vending Co. v. Half Shell, Inc.*, 41 Colo.App. 78, 579 P.2d 93 (1978), a vending machine operator and a restaurant owner entered into a written five-year profit-sharing agreement related to operation of vending machines at the restaurant. The agreement also contained a liquidated damages clause. A division of this court concluded that even though the profit-sharing agreement created a license which the restaurant owner could revoke at will, the liquidated damages clause was enforceable. In *Melodies, Inc. v. Mirabile*, 4 Misc.2d 1062, 163 N.Y.S.2d 131 (N.Y.City Ct.1957), *aff'd*, 7 A.D.2d 783, 179 N.Y.S.2d 991 (1958), a vending machine operator and a bar owner entered into a written contract for a specific term. While the court acknowledged that a license is revocable even though consideration has been paid therefor, it concluded that where a contract creating a license is for a definite term and upon a valuable consideration, the license cannot be revoked without creating a cause of action for breach of that contract.

Here, the parties did not execute a written contract. In his complaint, plaintiff does not point to any specific contractual language upon which he bases his breach of contract claim, and he cites no authority for the proposition that purchase of a movie ticket creates a contract of the type that he seeks to enforce.

Accordingly, we conclude that defendant's sale of an admission ticket to plaintiff created a license to view the movie and to receive a refund of the purchase price if the license was revoked. The sale of the ticket, however, did not create a contract obligating defendant to provide plaintiff with safe facilities or to warn him of a dangerous condition on the property and does not support the breach of contract claim asserted here. Therefore, the statute of limitations for contract claims is inapplicable.

## B.

■ The Colorado Premises Liability Act, § 13–21–115, provides the exclusive remedy against a landowner for physical injuries sustained on the landowner's property. *Vigil v. Franklin*, 103 P.3d 322 (Colo.2004); *see also Anderson v. Hyland Hills Park & Recreation Dist.*, 119 P.3d 533, 2004 WL 3015808 (Colo.App. No. 04CA0105, Dec. 30, 2004).

It is undisputed that defendant is a lessee of the theater, and thus, a landowner within the meaning of the Premises Liability Act, and that plaintiff was injured while on defendant's property. All of plaintiff's economic and noneconomic damages arose from the

injuries he sustained on defendant's property as a licensee. Because plaintiff did not allege a claim under § 13–21–115, and because plaintiff could prove no set of facts that would entitle him to relief under a contract theory, the trial court properly concluded that plaintiff failed to state a claim upon which relief could be granted.

## II.

 Plaintiff next contends that the trial court erred when it awarded defendant attorney fees under § 13–17–201, C.R.S.2004. We agree.

Section 13–17–201 requires attorney fees to be awarded whenever an entire tort action is dismissed prior to trial pursuant to a motion under C.R.C.P. 12(b), unless the motion is treated as one for summary judgment. *Krystkowiak v. W.O. Brisben Cos.*, 90 P.3d 859 (Colo.2004).

Plaintiff argues that his claim did not sound in tort, but was expressly founded upon an alleged breach of contract. We agree.

Here, we have concluded that plaintiff failed to state a proper claim under a contract theory. Nevertheless, plaintiff explicitly labeled his claim as a contract claim and alleged that the duties the contract allegedly imposed on defendant were identical to the duties imposed under the exclusive premises liability statutory tort theory. We have concluded that plaintiff's action should properly have been founded in tort under § 13–21–115. Plaintiff's claim was, nevertheless, framed as a contract claim, and it was the purported contract claim that was dismissed. Hence, § 13–17–201, which authorizes attorney fee awards when a tort claim is dismissed prior to trial is inapplicable.

Because we have concluded that § 13–17–201 is inapplicable to contract actions that are dismissed prior to trial, the attorney fees award must be reversed.

## III.

Plaintiff also seeks reversal of the trial court's award of costs to defendant following the dismissal of his complaint. We conclude that while the trial court mistakenly referred to § 13–16–104, C.R.S.2004, in awarding costs to defendant, the award was proper pursuant to either § 13–16–105 or § 13–16–107, C.R.S.2004.

The award of attorney fees is reversed, and the judgment is affirmed in all other respects.

Judge LOEB and Justice KIRSHBAUM concur.