## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

GARY *v.* ABINGDON PUBLISHING COMPANY & OTHERS.

July 8, 1897.

Absent: BUCHANAN, J.

1. PLEADING — *Declaration — Contract and tort—Misjoinder.*— A declaration which contains one count to recover damages for breach of a contract, and another to recover damages for a tort—trover and conversion—is bad on general demurrer. There is a misjoinder of causes of action, and it is immaterial that the separate counts may be respectively perfect in themselves.

Error to a judgment of the Circuit Court of Washington county, rendered April 28, 1897, in an action of trespass on the case, wherein the plaintiff in error was the plaintiff, and the defendants in error were the defendants.

*Affirmed.*

The opinion states the case.

*Daniel Trigg* and *P. J. Davenport*, for the plaintiff in error.

*Honaker & Hutton* and *F. T. Barr*, for the defendants in error.

KEITH, P., delivered the opinion of the court.

Mary R. Gary, committee of Geo. W. Gary, plaintiff, brought an action of trespass on the case in the Circuit Court of Washington county, and filed the following declaration:

"Mary R. Gary, committee of Geo. W. Gary, plaintiff, complains of the Abingdon Publishing Co., a corporation

under the laws of the State of Virginia, S. M. Withers, W. F. Smyth and L. T. Cosby, defendants, being summoned, of a plea of trespass on the case for that, to-wit:, On the — day of —, 189—, the defendants were indebted to George W. Gary in the sum of one thousand five hundred dollars, for property, money, accounts, bills and credits belonging to the said George W. Gary, which was taken, collected and applied by them, the said defendants, to their own use, without the consent or authority of the said George W. Gary, but which they afterwards promised to account for, pay, return, and deliver to the said George W. Gary, and to the said plaintiff upon their request.

"And afterwards the said George W. Gary became and was duly declared a lunatic, and the plaintiff was duly appointed his committee by the County Court of said county.

"Yet the said defendants, although often requested so to do have failed and refused to account for, pay, return or deliver to the said plaintiff the said property, money, accounts and bills and credits so taken by them, and used and appropriated as aforesaid, either to the said George W. Gary, or to the plaintiff, but to account for, pay, return or deliver the same as aforesaid they have hitherto neglected and refused, and still do refuse, to the plaintiff's damage $1,600.

"And for this also, that heretofore, to-wit: On the — day of ——, 189—, the said George W. Gary was lawfully possessed, as his own property, of certain books of account, property, accounts, bills and credits of the value of, to-wit: The sum of $1,539.86, and being so possessed of the same, the said George W. Gary, afterwards, to-wit: On the — day of ——, 189—, first above mentioned, casually lost said book of accounts, property, accounts, bills and credits out of his possession, and the same afterwards, to-wit: On the day and year first aforesaid came to the possession of the said defendants by finding, and afterwards the said George W. Gary, became insane, and was duly adjudged to be insane, and the plaintiff

was duly appointed his committee by the County Court of said county.

"Yet the said defendants well knowing the property, books of accounts, accounts, bills and credits to be the property of the said George W. Gary, and of the plaintiff, but contriving and fraudulently intending to deceive and defraud the said George W. Gary and the said plaintiff in this behalf, have not as yet delivered to the said George W. Gary or to the plaintiff the said property, accounts, books of accounts, bills and credits, or any or either of them, or any part thereof, although often requested so to do, and afterwards, to-wit: On the day aforesaid converted and disposed of the said property, accounts, books of account, bills and credits to their own use, to the damage of the plaintiff $1,600, and therefore the plaintiff brings his suit, &c."

To this declaration and to each count thereof the defendant demurred. The demurrer was sustained, and the cause remanded to rules with leave to the plaintiff to file an amended declaration. When the amended declaration came in, the defendant again demurred. The demurrer was again sustained with leave to the plaintiff to amend his declaration, whereupon a second amended declaration was filed, to which the defendant again demurred, and the court sustained the demurrer and gave judgment in favor of the defendants against the plaintiff for their costs. To this judgment a writ of error was awarded by one of the judges of this court.

We have set out the declaration at large in this case because its perusal seems to render all discussion superflous to show that in the first count the plaintiff sues to recover damages, upon a contract ; and in the second, he sues to recover damages for a tort.

The averment of the first count is that the defendants were indebted to George W. Gary, of whom the plaintiff is the committee, in the sum of $1,500 for property, money, accounts, bills and credits belonging to Gary, which were taken,

received, collected and applied by the defendants to their own use without the consent of Gary, but which they afterwards promised to account for, pay, return, and deliver when thereunto requested.

Now here is the statement of the indebtedness, of the consideration by which it is supported, and the promise to pay. It is true that the promise had its origin in the tortious act of the defendants in taking the property of the plaintiff without his consent, but the tort may be waived, and suit may be prosecuted for the value of the property taken, and the duty which rests upon the defendants either to return the property when demanded, or to pay for it when requested, is a sufficient consideration for their promise, and is sufficiently averred.

The count further states that the defendants though often requested have failed and refused to account for this property, money, and credits, but have refused to do so, to the damage of the plaintiff $1,600.

It is equally clear that the second count is upon a tort. It avers that Gary was lawfully possessed of property of a certain value; that it was casually lost from his possession and afterwards found by the defendants and converted to their own use, with the averment that the plaintiff thereby sustained damage to the amount of $1,600.

That these counts are faulty would be immaterial if true. It is sufficient that the one is founded upon a contract, and that the other rests upon a tort.

Speaking of a count of doubtful character in the case of *Ferrill* v. *Brewis' Adm'r*, 5 Gratt. at p. 76, Judge Staples uses the following language: "This count may be justly liable to all the criticism of the defendant's counsel. It may be defective both in form and substance. With that we have no concern upon a demurrer to the whole declaration. Our only inquiry is whether it is in *assumpsit* or in case."

Applying that language to the first count, it matters not

that it may be defective in form and substance.  It is clearly a count in *assumpsit*.

The second count may also be liable to just criticism, but it is nevertheless a count in trespass on the case for a tort.

It is well settled that causes of action arising in tort cannot be joined with causes of action arising from contracts except in rare instances.  At page 398, Minor's Insts., vol. 4, pt. 1 (2d ed.), the author states this proposition in the following language: "It must be observed that causes of action in *tort* cannot be joined with causes arising *out of contract*.  Thus, trespass on the case *in assumpsit* cannot be joined with trespass on the case in *trover* and *conversion;* nor debt with trespass *vi et armis*."  And at page 400 of the same volume: "The consequences of a misjoinder of counts, or causes of action, are more material than in case of a single count being defective; for in the case of a misjoinder, however perfect the counts may respectively be in themselves, the declaration will be bad on *general demurrer*, but not on motion in arrest of judgment, or on writ of error, unless a *demurrer has been put in and overruled*."

Upon motion in arrest of judgment, or on writ of error where no demurrer has been interposed, it seems that the verdict and judgment would be protected by the statute of jeofails.

We think the Circuit Court properly sustained the demurrer to this declaration, and its judgment should have been final at that time in favor of the defendants instead of permitting the plaintiff to amend.  Of this, however, the plaintiff cannot complain, and as the proceedings in the Circuit Court eventuated in a final judgment for the defendants, we are of opinion that there is no error therein, and it is affirmed.

*Affirmed.*