# Richmond

EDWARD R. BAIRD, JR. V. NELLE S. TYLER, ET AL.

October 14, 1946.

Record No. 3025.

Present, Holt, C. J., and Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

602

The opinion states the case.

*George M. Lanning,* for the appellant.

*Mann & Tyler,* for the appellees.

BROWNING, J., delivered the opinion of the court.

In 1937, at a foreclosure sale, Goldsborough Serpell, Edward R. Baird and Major S. Heth Tyler became the purchasers of the White Marsh Fowling Club properties, consisting of four islands, a marsh, a boat house and a club house, lying in Princess Anne county, adjacent to Back Bay. These gentlemen were friends and prominent citizens of the city of Norfolk. Each of them advanced the sum of $1,338.36, representing one-third of the sale price and costs.

They formed a non-stock corporation under the name of White Marsh Club, taking title to the properties in its name and receiving from it notes for the amount of money they had advanced. The record is silent as to whether these notes are alive and existing obligations of the corporation. The three gentlemen referred to were the directors and officers of the club.

Mr. Baird died on December 11, 1940, leaving a will which, however, made no specific mention of his interest in the corporation. His interest had become the property of his son, Edward R. Baird, Jr., the appellant, by gift *inter vivos,* the validity of which is conceded.

Major Tyler died on September 5, 1943, and, by the terms of his will, all of his property was devised to his wife, Mrs. Nelle S. Tyler, who survived him.

In October, 1944, Mrs. Tyler and Mr. Serpell instituted a chancery suit in the court below, alleging, among other things, that with the death of Mr. Baird, Sr., and Major Tyler the purpose for which the club was formed had failed. The prayer was that the corporation be dissolved in accordance with Code, sec. 3880, and that its assets be sold and the proceeds distributed among the persons entitled thereto.

Two of the defendants, Mrs. Katherine B. Segar and Mrs. Virginia B. Tayloe, who were residuary legatees under the will of Mr. Baird, Sr., answered, disclaiming any interest in the corporation, asserting that their father, in his lifetime, had given his interest therein to their brother, Edward R. Baird, Jr., a fact of which they said Major Tyler and Mr. Serpell were well aware and of which they had approved.

The defendant, Edward R. Baird, Jr., demurred to the bill on the ground, among others, that Mrs. Tyler, one of the complainants, was not a member of the club corporation and therefore had no right to maintain a suit for its dissolution.

A further ground of the demurrer was that the death of Major Tyler did not defeat the purposes of the corporation because the two surviving members, Mr. Serpell and the demurrant, might elect a member to succeed Major Tyler and, thus, that the three members might carry on the purposes for which the corporation was formed.

Subsequently, Edward R. Baird, Jr., filed his answer, wherein he again denied the allegations of the bill that the corporate purposes of the club had failed. He alleged, quite to the contrary, the substantial increase in the number of waterfowl, the lengthening of the shooting season, and the preparations and plans for the approaching season made by the persons interested just a short time before the institution of the present suit.

The answer further alleged that the moving cause of the suit was the occurrence of a personal difference between J. Hoge Tyler, III, counsel for the complainants, and the respondent, Edward R. Baird, Jr. It was also alleged that Mr. Serpell and Mrs. Tyler had repeatedly refused to name a price for their interests, and that, "if anything," the property should be divided in kind among the interested persons.

These pertinent facts were stipulated between the parties. It was agreed that, if Mrs. Tyler were present and testifying, she would testify that she was not interested in shooting waterfowl and that she desired the dissolution of the club. Further, it was agreed that, if Mr. Serpell were present

and testifying, he would testify that, due to disputes with Mr. Baird, Jr., he (Serpell) did not desire to shoot waterfowl with him. Further, it was agreed that, if Mr. Baird, Jr., were present and testifying, he would testify to the correctness of "all of the facts, assertions, conclusions and admissions contained in his original and amended answers."

After a hearing on the pleadings and facts thus stipulated, the trial court entered a decree overruling the demurrer, ordering the dissolution of the club corporation because of the failure of its corporate purposes, and appointing commissioners to sell the assets of the corporation, these to be distributed as the court might thereafter direct. From this decree the present appeal has been taken.

The appellant makes two main contentions. First, he says the lower court erred in holding that the purposes for which the corporation had been formed had failed and for that reason its dissolution should be decreed under Code, sec. 3880.

We agree with the holding of the lower court that the record clearly demonstrates such a failure of purpose as to warrant a dissolution of the club corporation.

As has been said, the original members of the club were Messrs. Baird, Sr., and Serpell, and Major Tyler. After Mr. Baird, Jr., had succeeded to his father's interest in the corporation, the three members operated and conducted the club harmoniously until shortly after the death of Major Tyler. Thereafter, for reasons which need not be detailed, the relations between the surviving members, Messrs. Baird, Jr., and Serpell, and those between Mr. Baird and Mrs. Tyler became strained. It is clear both from the record and the briefs that thereafter it was impossible for the club to have been carried on harmoniously by the surviving members. Neither faction would sell out or give way to the other, and a dissolution of the corporation and the distribution of its assets among those entitled thereto became inevitable.

The second principal contention of the appellant, Mr. Baird, Jr., is that upon the death of Major Tyler his interest in the club corporation terminated; that Mrs. Tyler, as the

devisee under her husband's will, acquired no interest in the corporation; and that she is not entitled, upon a dissolution of the corporation, to share in its assets, which, he says, must be divided between Mr. Serpell and himself, as the two surviving members.

As a corollary to this contention, the appellant, by his demurrer to the bill, challenged the right of Mrs. Tyler to join as a party plaintiff with Mr. Serpell in the suit. The action of the trial court in not sustaining the demurrer and in not dismissing the bill for this reason is assigned as error.

Code, sec. 3880, provides for the dissolution of a corporation of this character in a suit in equity "brought by a creditor or by one-fifth in number of the active members of such corporation." Since Mrs. Tyler, so far as the record shows, was neither a creditor nor an active member of the corporation, she was not properly a party plaintiff, and upon a motion to abate the suit as to her, she should, and no doubt would, have been dropped as a party plaintiff and made a party defendant. Code, sec. 6102; *Riverside Cotton Mills* v. *Lanier*, 102 Va. 148, 159, 45 S. E. 875. But in this State misjoinder cannot be taken advantage of by demurrer. *Virginia Hot Springs Co.* v. *Hoover*, 143 Va. 460, 464, 130 S. E. 408.

Inasmuch as Mr. Serpell met the statutory requirement of a party plaintiff, the suit was properly instituted, and the demurrer was properly overruled.

We come, then, to the pivotal question in the case, which is, Did Mrs. Tyler, as the devisee of her husband, acquire any interest in the corporation and any right to share in the distribution of its assets? Whether she acquired such an interest must be measured and determined by the charter and by-laws of the corporation, which, of course, constitute the contract between those who were members of the club corporation at the time of Major Tyler's death.

In the absence of a contrary provision, either in the statute, charter or by-laws, the rights of members of a non-stock corporation are the same as those of a stockholder in an ordinary corporation.

Usually, social clubs have in their charter or by-laws a provision that memberships are not transferable, and that upon the death of a member his or her rights in the club property terminate. Such was the case of *Smith* v. *Dicks*, 197 N. C. 355, 148 S. E. 464, which involved the dissolution of a social club whose charter had expired by limitation. It was there held that the club's assets were distributable among those who were members at the time of the expiration of the charter.

The Virginia statutes contain no provision terminating the rights of a member, upon his death, in a corporation of this character. Nor is there any such provision in either the charter or the by-laws of the White Marsh Club corporation.

It is true that the by-laws provide that holders of memberships "may transfer or otherwise dispose of their membership only to a person who has been duly and regularly elected to membership in the Club." The appellant argues that this was tantamount to a provision that upon the death of a member all of his rights in the club corporation terminated, or, to use his words, "lapsed," and that hence the attempted transfer of Major Tyler's membership or interest in the club by his will to his wife, who was never elected to membership, was ineffective and void.

In our opinion, this argument is unsound. The by-law provision does not in terms say that a member's rights terminate or "lapse" upon his death. Nor does it prohibit a transfer of membership by will or descent. It merely makes such transfer ineffective unless and until the transferee has been elected to membership. With this qualification, the personal representative of a deceased member has the same right of transfer as that of a living member. Until the personal representative can satisfy this provision of the by-laws, the membership of the decedent remains an asset of the decedent's estate.

This by-law provision, in our opinion, was not intended to deprive or divest the estate of a deceased member of all right and interest in this valuable property in favor of the surviving members. It was designed merely to limit the

transfer of a membership to one who was acceptable to the other members as a fit or suitable companion during the continuance and operation of the club. When the purposes of the club failed and its operation as such was discontinued and dissolution became necessary, the reason for the limitation on the right of transfer no longer obtained. Mrs. Tyler's rights as devisee under her husband's will became fixed, and she became entitled to his rights to share in the distribution of the corporation's assets.

Accordingly, we think the trial court correctly held that the assets of the club were distributable among Mr. Serpell, Mr. Baird, Jr., and Mrs. Tyler, a result which fully meets the requirement of the statute (Code, sec. 3880) that upon the dissolution of a corporation of this character the assets shall be disposed of "as may be just and equitable."

It is next said that the lower court erred in decreeing a sale of the property without first ascertaining whether it was divisible in kind.

It is true that we have held that in a partition suit instituted under Code, sec. 5279ff, the court should not order a sale of land unless it is made to appear by an inquiry before a commissioner or otherwise that partition cannot be made in some of the modes provided by the statute. *Peatross* v. *Gray*, 181 Va. 847, 860, 27 S. E. (2d) 203, and cases there cited. But the present suit is not one for partition under that statute. It is a suit for dissolution of a corporation under Code, sec. 3880, in which there is no requirement, express or implied, that a sale of the corporation's assets be deferred until it shall have been ascertained whether the property be divisible in kind. In many cases, due to a large membership, or the nature of the club's properties or privileges, a division in kind among the members would be impractical. For instance, in the present case the shooting privilege, a valuable one, could not be divided.

Moreover, the one thing the parties have agreed on in this case is that the real estate is not susceptible of division into *three* equal parts. The appellant insisted upon partition in kind as a corollary to his contention that the property is

now owned jointly by Mr. Serpell and himself and that Mrs. Tyler has no interest therein. The appellant says that the land is divisible into *two* but not into *three* equal parts. Since we have decided that the property is distributable among *three* parties, there is no necessity for inquiring whether it can be divided into *two* parts.

While it is assigned as error that the lower court erred in not staying the prosecution of the suit under the Federal Soldiers' and Sailors' Civil Relief Act of 1940 (50 U. S. C. A., Appendix, sec. 521), the appellant's brief concedes that the matter is now moot and consequently the point is not pressed. We need not then discuss it.

On the whole, we find no error in the decree appealed from and it is affirmed.

*Affirmed.*