# HEATHER POWERS

## V.

# JACK I. CHERIN, D.M.D.

Record No. 940237

January 13, 1995

Present: All the Justices

Thomas W. Williamson, Jr. (Kevin O. Barnard; Joel P. Crowe; Williamson & Stoneburner; Oast, Hook, Crowe & Resolute, on briefs) for appellant.

Brian N. Casey (John Franklin, III; Taylor & Walker, on brief), for appellee.

JUSTICE COMPTON delivered the opinion of the Court.

The broad question in this appeal is whether a cause of action for damages resulting from the negligent operation of an automobile may be joined in the same motion for judgment with a cause of action for damages resulting from medical malpractice.

In February 1990, appellant Heather Powers was injured in the City of Chesapeake while riding in an automobile that was struck by a motor vehicle operated by Joseph C. Pope. Subsequently, she filed an action for damages against Pope seeking recovery for her personal injuries, alleging Pope's negligent operation of his vehicle caused her damages.

Later, plaintiff was permitted to amend her motion for judgment by adding appellee Jack I. Cherin, D.M.D., as a party defendant. In a two-count amended motion for judgment, plaintiff sought recovery against Pope for damages resulting from the automobile accident in one count and recovery against Dr. Cherin for damages resulting from medical malpractice in the other count.

Defendant Cherin demurred to the amended motion asserting "that it misjoins parties and causes of action." The trial court sustained the demurrer, ruling that the proceeding "constitutes two separate causes of action and, therefore, the proposed joinder would not be proper." The plaintiff appeals from the December 1993 order dismissing the action as to defendant Cherin. Although he objected to Cherin's dismissal, Pope is not a party to this appeal.

 Initially, we shall dispose of a procedural matter. On appeal, for the first time, plaintiff argues that misjoinder of parties cannot be raised by demurrer, citing *Baird* v. *Tyler*, 185 Va. 601, 606, 39 S.E.2d 642, 645 (1946). Under Code § 8.01-5, misjoinder of parties should be raised by a motion to drop the improperly joined parties, not by a demurrer. *Riverside Cotton Mills* v. *Lanier*, 102 Va. 148, 159, 45 S.E. 875, 875 (1903). But plaintiff's reliance on this defect is procedurally barred because the issue was not raised below. Rule 5:25. Moreover, any error in this regard is utterly harmless because the trial court based its decision, not on misjoinder of parties, but on misjoinder of causes of action, which may be raised by demurrer. *Gary* v. *Abingdon Publishing Co.*, 94 Va. 775, 779, 27 S.E. 595, 596 (1897).

█ A discussion of the merits of this appeal must be preceded by a summary of the allegations of the amended motion for judgment. Of course, a demurrer tests the legal sufficiency of the pleading. And, contrary to the plaintiff's assertion, "the trial court, and this Court upon review, are confined to the facts alleged when analyzing the pleading; no consideration properly can be given to additional facts that may be asserted on brief or during oral argument." *Elliott* v. *Shore Stop, Inc.*, 238 Va. 237, 239-40, 384 S.E.2d 752, 753 (1989).

In the first count of the amended motion for judgment, the plaintiff, after setting forth the basic facts of the accident, charged Pope with careless, reckless, and negligent conduct that caused her "severe and permanent injuries" and "great pain of body and mind." Further, plaintiff alleged she had incurred medical expenses and had sustained lost wages due to Pope's negligence.

In the second count, plaintiff incorporated all the allegations made in the first count. Additionally, plaintiff alleged that defendant Cherin was a duly licensed health care provider who undertook to treat her for injuries sustained in the automobile accident.

She asserted that Dr. Cherin "employed improper treatment for the [temporomandibular joint] disease and injury" from which she suffered; "failed to properly diagnose the dental and TMJ disorder;" prescribed "splint therapy" for her that "was contraindicated and unsafe;" "failed to prevent the development of, diagnose and treat the open bite defect" she suffered; and "prescribed, recommended and administered treatment . . . which had no therapeutic value and was detrimental" to her.

In the second count, the plaintiff also alleged that, as a result of Dr. Cherin's negligence, the injuries sustained in the automobile accident "were aggravated" and that she had suffered "severe and permanent injuries," incurred medical expenses, and sustained wage losses.

In the final paragraph of the amended motion, she demanded judgment "against the defendants, Joseph C. Pope and Jack I. Cherin, D.M.D. in the amount of ONE MILLION DOLLARS, jointly and severally, with interest thereon and the costs expended in this action."

On appeal, the plaintiff contends the trial court erred in sustaining defendant's demurrer. She says that a "plaintiff may plead as many matters as she deems necessary and may join a claim in tort with one in contract, provided that all claims arise out of the same transaction or occurrence," citing Code § 8.01-272. Relying on *Fox* v. *Deese*, 234 Va. 412, 423, 362 S.E.2d 699, 705 (1987), and inapposite federal authority, plaintiff argues it is therefore "error for a trial court to dismiss a defendant on the ground of misjoinder merely because the motion for judgment states two separate causes of action."

Similarly, and citing Code § 8.01-281, she argues that "a plaintiff may plead alternative theories of recovery against alternative defendants, provided that all claims arise out of the same transaction or occurrence." She says, "Where a fair reading of the motion for judgment shows that the plaintiff has pled claims for relief which arise out of the same transaction or occurrence, it is error for the trial judge to dismiss the plaintiff's action on the ground of misjoinder of parties defendant."

Although the plaintiff accurately has identified the issue to be decided in this appeal, we do not agree with her argument. The crucial issue is whether the claims set forth in the two counts of the amended motion for judgment arise out of the same transaction or occurrence, within the meaning of the applicable statutes.

Code § 8.01-272, as pertinent, provides: "In any civil action, a party may plead as many matters, whether of law or fact, as he shall think necessary. A party may join a claim in tort with one in contract provided that all claims so joined arise out of the same transaction or occurrence."

Code § 8.01-281(A), as pertinent, provides: "A party asserting either a claim, counterclaim, cross-claim, or third-party claim or a defense may plead alternative facts and theories of recovery against alternative parties, provided that such claims, defenses, or demands for relief so joined arise out of the same transaction or occurrence."

Enacted in 1977, § 8.01-272 overruled the long-standing prohibition against joinder of tort and contract claims found in Virginia case law; § 8.01-281 was adopted at the same time to grant a party asserting any claim or defense the right to join alternative claims or defenses, that is, to present alternative statements of the facts or alternative legal theories. *Revision of Title 8 of the Code of Virginia, Report of the Virginia Code Commission to The Governor and The General Assembly of Virginia*, 1 *House & Senate Documents*, H. Doc. No. 14 at 185, 191 (1977). Both enactments are conditioned, however, upon the requirement that the claims joined must "arise out of the same transaction or occurrence," statutory language so plain and unambiguous that it requires no interpretation.

Manifestly, the plaintiff's claim against Pope for negligent operation of an automobile does not arise from the same transaction or occurrence as the plaintiff's claim against Dr. Cherin for medical malpractice. Rather, the amended motion for judgment sets forth two transactions or occurrences: first, the negligent operation of a motor vehicle by Pope resulting in an accident; and, second, the negligent medical treatment of plaintiff at a later date by Dr. Cherin resulting in injury.

The difficulty with allowing joinder of these causes of action is demonstrated when one focuses on the fact that the plaintiff seeks a joint and several recovery for separate injuries caused in the motor vehicle accident, for which Dr. Cherin cannot be liable, and for separate injuries for medical malpractice, for which Pope cannot be liable.

It is true that plaintiff alleges an aggravation of her original injury by the negligent treatment of Dr. Cherin; Pope can be held liable for this aggravation, assuming the plaintiff used reasonable

care in selecting the physician to treat her accident-related injury. *Corbett* v. *Clarke*, 187 Va. 222, 224-25, 46 S.E.2d 327, 328 (1948). But Dr. Cherin cannot be liable for the injuries sustained in the motor vehicle accident caused by Pope's negligence.

■ Furthermore, plaintiff asserts separate and distinct injuries caused by Dr. Cherin in prescribing unsafe splint therapy and in failing to prevent the development of, and failing to diagnose and treat an open bite defect. Pope cannot be liable for these distinct injuries resulting from malpractice that are not mere aggravation. In other words, the separate and distinct malpractice injuries do not arise out of the same transaction or occurrence as the automobile accident. *See Washington* v. *Williams*, 215 Va. 353, 357, 210 S.E.2d 154, 157 (1974) (release of original tort-feasor not effective to release treating physicians for separate and distinct wrongs constituting malpractice).

*Fox* v. *Deese, supra,* relied on by plaintiff, is not controlling. There, a plaintiff pleaded alternative theories of recovery against several defendants in connection with the scheduling of an outdoor concert at a public facility. Unlike this case, the claims in *Fox* arose out of the same transaction or occurrence. Accordingly, we held that the parties and causes of action had been properly joined in a single amended motion for judgment. 234 Va. at 423, 362 S.E.2d at 705.

Consequently, because there was a fatal misjoinder of causes of action, we hold that the trial court properly sustained the demurrer. Thus, the judgment dismissing Dr. Cherin as a party defendant will be

*Affirmed.*