104

## CIRCUIT COURT OF THE CITY OF ROANOKE

Jane Doe

    v.

Carilion Medical Center,
Samir Chande,
and Robert C. Barksdale

June 2, 2004

Case No. CL03-1262

BY JUDGE CHARLES N. DORSEY

This issue is raised on a demurrer. Defendant physicians and hospital (collectively "Carilion") allege that Plaintiff Jane Doe ("Doe") has misjoined two independent causes of action. Doe contends that the two causes of action are part of the same "right" as described in *duPont v. Universal Moulded Products*, 191 Va. 525, 535, 62 S.E.2d 233 (1950), and therefore are not misjoined. For the reasons stated, the demurrer is overruled and the causes of action are severed.

*Facts*

Doe alleges that she is HIV positive and has made efforts to keep this status confidential. She claims in Count I that on November 16, 2001, a co-worker brought her to the emergency room at Carilion Medical Center, where, in the course of treating Doe for chest pains, Dr. Barksdale violated her confidentiality by revealing her HIV positive status to the co-worker. Doe subsequently brought suit against Carilion in General District Court, which disposition she appealed to this Court, where she took a nonsuit. She now reasserts that claim.

Doe alleges in Count II that she again visited Carilion's emergency room approximately eighteen months later, where she was treated for asthma. Doe claims that Dr. Chande, in the course of examining her, orally revealed Doe's

HIV positive status to a minor, a friend of Doe's daughter, in violation of her patient confidentiality. Both claims are made under the provisions of Virginia Code § 32.1-127.1:03 and 45 C.F.R. § 164.510(b)(iii). Defendants demur.

*Analysis*

Misjoinder of causes of action may be raised by a demurrer. *See Powers v. Cherin*, 249 Va. 33, 35, 452 S.E.2d 666, 667 (1995) (citing *Gary v. Abington Publishing Co.*, 94 Va. 775, 779, 27 S.E. 595, 596 (1897)). But, as the Supreme Court observed in *Fox v. Deese*, the trial court has discretion under Virginia Code § 8.01-272 to order a separate trial of any claim. The court may sever the causes of action as an alternative to sustaining the demurer if misjoinder has occurred. 234 Va. 412, 423, 362 S.E.2d 699, 705 (1987).

Regarding joinder, Virginia's statutory scheme has supplanted the common law and now governs. Similar to Rule 20 of the Federal Rules of Civil Procedure (addressing permissive joinder of *parties*), Virginia Code §§ 8.01-272 and 8.01-281, as well as Rule 1:4(k) of the Rules of the Supreme Court of Virginia, specifically permit the joinder of different causes of action provided that all claims "so joined arise out of the *same transaction or occurrence*." This language, repeated verbatim in all three of the above provisions, is the major limiting factor and the focal point of the inquiry here. Our Supreme Court has declined the opportunity to define "same transaction or occurrence," except to state that the use of this language is "so plain and unambiguous that it requires no interpretation."

Our Supreme Court has utilized this phrase in this context twice and did not elaborate on its limits. In the *Fox* decision, the Court held that a series of separate torts committed over the course of a month by different tortfeasors may be considered part of the same transaction or occurrence where the torts are alleged to have occurred in relation to ongoing negotiations regarding a concert. 234 Va. 412, 362 S.E.2d 699 (1987). In contrast, *Powers v. Cherin* held that a claim against a driver for personal injuries arising out of an auto accident may not be joined with a claim against a doctor for malpractice in the treatment of those injuries. 249 Va. 33, 38, 452 S.E.2d 666, 668 (1995). Although the court recognized the malpractice may have aggravated the plaintiff's original injuries from the accident, it distinguished between two different transactions: trauma and treatment. *Id.*

Though "plain and unambiguous" to the Supreme Court of Virginia, many federal courts have sought to define the phrase "same transaction or occurrence." There is a substantial body of such case law (primarily in the context of joinder of parties and compulsory counterclaims where joining of claims is permitted without restriction by F.R.C.P. 18(a)). The Fourth Circuit

sets out four questions for the court to consider in determining whether a cause of action arises out of the same transaction or occurrence: (1) Are the issues of fact raised by the claims the same? (2) Would *res judicata* bar a subsequent suit? (3) Will substantially the same evidence support or refute the claim? (4) Is there any logical relationship between the claims? *See Sue & Sam Mfg. Co. v. B-L-S Constr. Co.*, 538 F.2d 1048, 1051 (4th Cir. 1976); *see also Painter v. Harvey*, 673 F. Supp. 777 (W.D. Va. 1987). The actual words are interpreted liberally:

> "transaction" is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. Accordingly, all logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. Several courts have concluded that allegations of a Apattern or practice≅ of discrimination may describe such logically related events and satisfy the same transaction requirement.

*Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000) (citations omitted).

Similarly, some other state courts have also attempted to interpret the language. The Supreme Court of Missouri in *State ex rel. Farmers Ins. Co. v. Murphy*, 518 S.W.2d 655 (Mo. 1975), refused to read the two words disjunctively and, instead, concluded that "occurrence" was added to broaden the reading of "transaction." [1] The Supreme Court of Alabama urged a similar broad construction. *See Ex parte Parsons & Whittemore Alabama Pine Constr. Corp.*, 658 So. 2d 414, 418-19 (Ala. 1995) (" The term transaction extends to include ... 'all of the facts and circumstances which constitute the foundation of a claim [and] . . .' all the facts and circumstances out of which the injury complained of arose" (citations omitted).).

Virginia's view does not match the liberal construction granted by the federal courts or by other states. It should be noted that in federal practice, the Rules allow a plaintiff to assert any and all claims. The phrase "transaction or occurrence" limits only counterclaims and parties. Judging by its two decisions, the Supreme Court of Virginia takes a more conservative approach.

---

[1] Specifically, it rejected the argument that the phrase originated to accommodate the joining of contract claims to contract claims (transactions) and tort claims to tort claims (occurrences), but not tort to contract.

The claims in the present case constitute misjoinder. While there is definitely a strong logical relationship between the two causes of action, the two counts involve completely different facts and evidence. The present scenario is more akin to *Powers* than to *Fox*. Our Supreme Court would presumably see two separate transactions. Likewise, neither *res judicata* nor *estoppel* are brought into play. Aside from the general observations that justice and judicial efficiency "demand" that these claims be heard together, the only compelling argument made for allowing the claims here is that the two counts could be part of the same ongoing *series* of transactions or occurrences. Pursuant to the analysis of *Powers*, it is significant that the Plaintiff seeks joint and several recovery for injuries on November 16, 2001, for which Dr. Chande cannot be liable, and for separate injuries approximately eighteen months later, for which Dr. Barksdale cannot be held liable.

Doe relies, unpersuasively, on *duPont v. Universal Moulded Products*, 191 Va. 525, 535, 62 S.E.2d 233 (1950), a case decided under the common law rules twenty-seven years before enactment of the current statutes. The following seemingly persuasive quote is taken out of context:

> a plaintiff may join all causes of action in one declaration, if in separate suits he can recover on each in the same form of action, although the several causes of action are distinct rights of action so that a judgment in one will not bar recovery in the other. This rule is, however, subject to the qualification that the causes of action must be *in the same right*.

(Emphasis added.)

This "in the same right" language" supposedly relates to the present case because, Doe submits that the two claims are the same "form of action." Thus, she argues, the *duPont* language approves of joining two otherwise unrelated claims that are addressed to the same "form of action."

This is a mischaracterization. *duPont* was decided when Virginia did not allow the joining of contract and tort claims. *See MacLellan v. Throckmorton*, 235 Va. 341, 343-44, 367 S.E.2d 720, 721 (1988). The "in the same right" language describes the ability to join tort claims to other tort claims and contract to other contract claims. The holding in *duPont* clarified that a breach of warranty claim sounds in both tort and contract and can be joined to either. Although the language seems broader than that, Virginia's rule is not. The Court finds Doe's asserted "form of action" test unpersuasive.

Evidence from the earlier proceeding may be relevant and admissible in the later proceeding to indicate notice and pattern of conduct. However, the demurrer is presently overruled for the reasons stated. In the exercise of

108

discretion, and to attain the ends of justice, separate trials of each claim are ordered, pursuant to Virginia Code § 8.01-272.