## CIRCUIT COURT OF THE CITY OF NORFOLK

Wexford Bancorp, L.L.C.

   v.

Concept 1, L.L.C., et al.

September 22, 2004

Case No. (Chancery) CH04-1827

BY JUDGE EVERETT A. MARTIN, JR.

The plaintiff has filed a bill of complaint seeking a declaratory judgment that the commitment letter is binding on the defendants, specific performance of the commitment letter, an injunction barring the defendants from taking certain actions, and monetary damages. The defendants have demurred on several grounds.

The legal efficacy of this commitment letter should be determined under the common law of contracts. The purported contract consists of a "commitment letter" and a "letter of interest" both on the letterhead of Wextrust Capital and dated April 21, 2004. In those letters, the plaintiff promises to lend Concept 1 "an amount not to exceed $1.4 million" in exchange for certain promises by Concept 1 and on certain conditions. Concept 1 promised, among other things, to convey a 50% equity interest to the lender and to give it a majority of the seats on the board of directors.

The plaintiff also reserved the right not to make the loan under certain circumstances. Paragraph 3 of the commitment letter provides: "*Purchase Approval*: The above financing and guarantee are subject to a review of the proposed transactions. Financing and guarantees are expressly contingent on our sole and complete satisfaction and upon our approval of the transactions." Paragraph 5 of that letter states:

This Commitment Letter is subject to the following conditions precedent which must be satisfied to our sole and complete satisfaction:

*Clients*: Company must provide evidence of an adequate number of clients in its target market that are willing and able to become paying residents at its facility.

*Facilities*: Company must demonstrate it has adequate facilities or access to adequate facilities and labor to carry out its operations plan;

*Working Capital*: Company must demonstrate it has enough working capital or access to working capital to meet the business and operations plan for at least a twelve (12) month period. . . .

Thus the plaintiff was not obligated to make the loan if *it* was not satisfied about the number of clients, the facilities, or the working capital of Concept 1. By letter of April 23, Concept 1 informed the plaintiff it "cancels and terminates" the letters of intent and interest.

The plaintiff contends that the parties' mutual promises supply consideration for the contract. Mutual promises can constitute consideration for a contract. However, Virginia law provides that:

where the consideration for the promise of one party is the promise of the other party, there must be absolute mutuality of engagement, so that each party has the right to hold the other to a positive agreement. Both parties must be bound or neither is bound.

*American Agricultural Co. v. Kennedy*, 103 Va. 171, 176, 48 S.E. 868, 870 (1904). The defendants have demurred on this ground although they have called it by its modern name, i.e., the lack of consideration because of the illusory or optional nature of the plaintiff's promise. See Williston, *A Treatise on the Law of Contracts*, §7:14 (4th ed. 1992). It is true that a bilateral executory contract such as this will be removed from the mutuality rule after the party not legally bound has performed, but there is no allegation in the bill of complaint of performance by the plaintiff. In its brief, the plaintiff claims its detrimental reliance may supply the consideration, but the bill of complaint only alleges that the defendant's breach has caused it damage. I sustain the demurrer.

The case on which the plaintiff relies, *Branning Mfg. Co. v. Norfolk-Southern Ry.*, 138 Va. 43, 121 S.E. 74 (1924), is distinguishable.

There, the contract was to make a lease. One party promised to lease property; the other promised to pay rent. There was no issue of an illusory promise.

I overrule the demurrer to the alleged misjoinder of Mr. Jacobs. *Powers v. Cherin*, 249 Va. 33, 452 S.E.2d 662 (1995). I need not address the other grounds of the demurrer at this time.

Mr. Schultz shall prepare a decree allowing the plaintiff twenty-one days from the date of this letter to file an amended bill of complaint if it be so advised.